224 So.2d 560 (1969)
William SAXON, Plaintiff-Appellant,
v.
FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, et al., Defendant-Appellee.
No. 2782.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1969.
Brumfield & Brumfield, by Sylvia Roberts, Baton Rouge, for plaintiff-appellant.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellee.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by J. Winston Fontenot, Lafayette, Guillory, Guillory & Guillory, by I. J. Guillory, Jr., Eunice, for defendant-appellee.
*561 Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
The District Court sustained a motion for summary judgment urging a plea of prescription to the plaintiff's claim against Fireman's Insurance Company. The latter was sought to be made defendant by a supplemental petition on allegations that it was the liability insurer of one of the original defendants. The plaintiff appeals.
The original suit was filed in December, 1962 to recover for personal injuries allegedly received through the concurring negligence of several defendants in medical treatment of December 24 and 25, 1961. These defendants were a hospital, a doctor, and three nurses. The supplemental petition of March 4, 1964, sought to join Fireman's as the liability insurer of the hospital.
However, the hospital was originally sued in its trade name (the "Moosa Memorial Hospital"), whereas the proper defendant for any negligent operation of the hospital was the "Hospital Service District No. 1 of St. Landry Parish." The district was not substituted as defendant until long past the prescriptive year.
In upholding the plea of prescription, the trial court reasoned that, since the hospital service district had not been properly sued within the prescriptive year, then the suit against its insurer was also prescribed when filed after the prescriptive year.[1]
The plaintiff contends that the trial court erred because the original suit against the hospital was timely, despite the incorrect designation of it as party defendant, and because, at any rate, the timely suit against the doctors and nurses interrupted prescription against the hospital's insurer also, as a solidary obligor, Civil Code Article 2097.

1.
Initially, we must observe that the trial court correctly held that the original suit against the hospital, doctor, and nurses was timely filed, even though not until December 27, 1961 (or perhaps three days past the prescriptive year).
The uncontradicted evidence shows that the office of the clerk of court was closed on December 24 and 26, as well as on the legal holiday of December 25. The plaintiff therefore could not file suit on December 24 and 26. (The evidence further shows his counsel repeatedly called the clerk's office during those days.)
The prescriptive period is suspended when, due to the absence of the clerk of court or other personnel authorized to receive suits for filing, the party is unable to file his pleadings on the last day of the delay. Smith v. Taylor, 10 Rob. 133 (1845); see also, Ayraud v. Babin's Heirs, 7 Mart, N.S. 471, 481 (1829). The principle thus applied is summarized by the maxim, Contra non valentem agere nulla currit praescripto (No prescription runs against a person unable to bring an action).
Actions are commenced by filing them in the clerk's office. LSA-CCP Arts. 253, 421; Cupples v. Walden, La. App. 3d Cir., 124 So.2d 613; see also, McGee v. Southern Farm Bureau Casualty Ins. Co., La.App. 3d Cir., 125 So.2d 787, 791. The plaintiff was unable to file the action on December 24th and 26th because the clerk's office was closed for those days. December 25th was a legal holiday. His suit on December 27th was therefore timely, since the prescriptive period was suspended during the last days of the prescriptive period when the plaintiff was unable to file his suit in the clerk's office as required by law.
*562 It is true that, if the plaintiff had searched out the clerk of court at his home and if that official had accepted the pleadings for filing on the last day, then such "filing" would be treated as if timely. Johnston v. Nanney, 244 La. 959, 155 So.2d 196. However, we cannot hold that counsel was under an obligation to attempt this exceptional approach, on penalty of forfeiture of his client's rights, where he was unable to file his suit in the manner provided by law, due to the unauthorized closing of the clerk's office on days not legal holidays.
We thus agree with our trial brother that the original suit was timely filed.

2.
We differ, however, with our trial brother in his holding that the timely filed suit against at least the doctor and the nurses did not interrupt the prescription against Fireman's, a defendant sought to be held solidarily liable with them.
LSA-R.S. 9:5801 provides that all prescriptions against defendants sued are interrupted by the timely filing of suit in a court of competent jurisdiction. Thus the suit against the doctor and the nurses interrupted prescription against the claims against them.
By effect of law, those persons are solidary obligors who are bound to perform the same obligation, where payment by any one exonerates the rest and where the debtor may compel full performance from any one of such obligors. Civil Code Articles 2082, 2091. This is so, even though the obligations of the obligors arise from separate acts or by different reason of law. Civil Code Articles 2091, 2093.
Thus, joint tortfeasors are solidary obligors. Civil Article 2324; Shaw v. New York Fire & Marine Underwriters, Inc., 253 La. 653, 212 So.2d 416. So, for instance are an insured and his liability insurer, Hidalgo v. Dupuy, La.App. 1st Cir., 122 So.2d 639, or different liability insurers bound for the same tort obligation, Wilks v. Allstate Insurance Co., La.App. 3d Cir., 195 So.2d 390.
In the present instance, therefore, the several alleged tortfeasorsthe doctor, the nurses, and the hospitalare solidarily liable with one another, as well as with any liability insurers of any of them liable for the same tort obligation for which recovery is sought.
This being so, a timely filed suit against any of these solidary obligors interrupted prescription as to all of them. Civil Code Article 2097. The timely filed suit against the doctor and the nurses thus also interrupted prescription against the claim for the same debt against Fireman's, the liability insurer of one of the joint tortfeasors (the hospital). Burch v. Hartford Accident and Indemnity Co., La.App. 1st Cir., 172 So.2d 165, 169; Humphreys v. McComiskey, La.App. 4th Cir., 159 So.2d 380; Ensminger v. Great Atlantic and Pacific Tea Co., La.App. 2d Cir., 134 So.2d 686; Hidalgo v. Dupuy, La.App. 1st Cir., 122 So.2d 639.
The decisions relied upon by the defendant-appellee are not apposite. Bowerman v. Pacific Mut. Ins. Co., 212 La. 999, 34 So.2d 53, simply held that suit against a single defendant mistakenly believed to be the proper one did not interrupt prescription against a subsequently-sued defendant. Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484, simply held that suit against an employer did not interrupt prescription and save a late suit against the liability insurer of an employee, where the timelysued employer was not solidarily liable with the employee (who committed a tort, but while not engaged in the vehicle-owner's business). Thus, neither decision held that a timely filed suit against one person did not interrupt prescription against a liability insurer solidarily bound for the same debt.
We hold therefore that the trial court erred in sustaining the prescriptive plea filed by Fireman's, the defendant-appellee.
*563 Having reached this conclusion, it is unnecessary to consider the persuasive arguments of the plaintiff-appellant that the timely filed suit against the hospital in its trade name by which it was known to the public was by itself sufficient to interrupt prescription against the hospital district, Fireman's insured, which was the proper party defendant as the legal entity responsible for the torts of the hospital. Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; Jackson v. American Employers Ins. Co., 202 La. 23, 11 So.2d 225; Brooks v. Wiltz, La.App. 4th Cir., 144 So. 2d 413; Banks v. K & H Stock Farm Co., La.App. 1st Cir., 97 So.2d 444; Andrepont v. Ochsner, La.App. 4th Cir., 84 So.2d 63 (which, like the present case, concerned initial suit against the wrongly-named hospital party).

Decree
For the foregoing reasons, we reverse the District Court judgment dismissing the suit against Fireman's upon its holding that the claim against it had prescribed. We remand for further proceedings consistent with the views here expressed. The defendant-appellee is to pay the costs of this appeal; all other costs to await final disposition of these proceedings.
Reversed and remanded.
NOTES
[1] It is conceded that, if the suit against the hospital had been timely filed, this suit would also have interrupted prescription against the claim against its insurer, as a solidary obligor, Civil Code Article 2097, Hidalgo v. Dupuy, La.App. 1st Cir., 122 So.2d 639, despite the tardy joinder of the hospital's insurer as codefendant.