Vernis **TOUPS**

v.

**TEXACO, INC., and the Travelers In-surance Company.**

**Civ. No. 15297.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

Sept. 14, 1970.

Thomas Robert Shelton, Rayne, La., for plaintiff.

Davidson, Meaux, Onebane & Donohoe, John A. Bernard, Lafayette, La., for defendants.

## JUDGMENT ON MOTIONS

PUTNAM, District Judge.

In this case, on May 20, 1970, on motions filed by the defendants, we concluded that the platform in question removed the cause of action from maritime jurisdiction. We allowed plaintiff a delay of five days within which to file supplemental affidavits in opposition to the plea of prescription raised by the defendants predicated upon Article 3536 of the Louisiana Revised Civil Code. The pertinent facts which are undisputed are that plaintiff was injured on December 26, 1968. This suit was filed on December 29, 1969, more than one year from

the date of the occurrence of the accident. Plaintiff attempted to file suit in this court on December 26, 1969, the day following Christmas Day. By executive order issued on December 23rd by the President of the United States, December 26 was designated a holiday within the meaning of executive order No. 10358 of June 9, 1952, as amended, and employees of all of the governmental agencies were excused from duty. When plaintiff attempted to file this suit, the Clerk's office was closed. The next legal day was Monday, December 29, which is the day that suit was filed.

December 26, 1969, was not a legal holiday in the State of Louisiana and the defendants have introduced into evidence the affidavit of the Clerk of Court of the Sixteenth Judicial District of Louisiana in and for the parish of St. Mary to the effect that his office was open for business at that time and the suit could have been filed there. Defendants argue that since this was a court of concurrent jurisdiction, plaintiff should have proceeded in that forum within the one year period provided for by Article 3536, supra.

■ Plaintiff was employed by Bayou Welding Works, Inc. on a compressor barge, in the course of which employment he was required to ascend a permanent fixed platform located in West Cote Blanche Bay, entirely within the territorial jurisdiction of the State of Louisiana. This platform was not a navigational aid and was in no way connected with the navigation of vessels in Cote Blanche Bay. It was an island, albeit an artificial one, under conventional admiralty principles. Rodrigue v. Aetna Casualty & Surety Co., 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). See also, Evans v. Louisiana Department of Highways, 430 F.2d 1280, 5 Cir. 1970.

■ In Huson v. Chevron Oil Company et al., 430 F.2d 27, 5 Cir. 1970, it was held that following the Rodrigue decision, supra, accidents occurring on fixed platforms located on the outer continental shelf would be governed by the maritime doctrine of laches in cases of maritime tort rather than the Louisiana prescriptive period of one year fixed by Article 3536 of the Louisiana Revised Civil Code. In the present case, however, we are not faced with such a situation since the sole basis of our jurisdiction is diversity of citizenship which exists between the plaintiff and the defendant, Texaco, Inc., and its insurer, The Travelers Insurance Company. We, therefore, must look to the law of this State to determine the rights of the parties. The application of the Louisiana one-year prescriptive period in this instance is clear.

■ The case of Saxon v. Fireman's Insurance Company of Newark, New Jersey, et al., 224 So.2d 560 (La.App. 1969), is controlling. In that case, plaintiff sought to file her suit with the Clerk of Court in St. Landry Parish. The Clerk's office was closed on December 24th., 25th. and 26th., and, because of this, the suit was not filed until after the running of prescription. Neither the 24th. nor the 26th. was a legal holiday, but plaintiff filed her suit in that parish on the next legal day. The Court held that plaintiff was not required to seek any alternate forums in other parishes where jurisdiction may have been laid, but held that prescription was suspended when a party is unable to file suit on the last day of delay as a result of the Clerk's office being closed, whether that day fell upon a legal holiday or the office was closed for some other reason.

The result of Saxon is sound, although there is a caveat for the less-than-diligent, in that plaintiff generally has the choice of forum and the extension occasioned by closure of the Clerk's office is actually insignificant. Here, plaintiff has met the requirements of Saxon and we hold that the plea of prescription now advanced by these defendants must be and is hereby denied.

It is so ordered.