**Robert LUBAWY, Plaintiff,**

v.

**CITY OF McLEAN, TEXAS, Defendant.**

**Civ. A. No. CA-2-1334.**

United States District Court,
N. D. Texas,
Amarillo Division.

March 15, 1973.

J. Jerry Merchant, Merchant, Barfield & Poff, Amarillo, Tex., for plaintiff.

Don R. Lane, Lane & Douglass, Pampa, Tex., for defendant.

## ORDER OF DISMISSAL

WOODWARD, District Judge.

The present cause of action is brought under the Texas Wrongful Death Statute, Tex.Rev.Civ.Stat.Ann. art. 4675. Plaintiff's wife died on January 5, 1970, as a result of carbon monoxide inhalation while husband and wife were guests at a motel. Plaintiff alleges negligence on the part of defendant City of McLean in providing natural gas to the motel without insuring the presence of adequate ventilation to the premises. He alleges and pleads only for damages suffered by him because of the loss of his wife's counsel and services and her future contributions toward his maintenance. He does not allege or ask for any damages to the decedent personally, such as her pain and suffering.

Plaintiff filed his cause of action on January 4, 1973, more than two years but less than three years after the cause of action accrued. It is well established and uncontroverted here that an action for wrongful death in Texas accrues at the time of death of the injured party. Slate v. City of Ft. Worth, 193 S.W. 1143, 1144 (Tex.Civ.App.—El Paso 1917, no writ).

Defendant moves to dismiss on the ground that the action is barred by the Texas two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (7), which provides that

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, . . . Action for injury done to the person of another where death ensued from such injury. . . . .

Plaintiff opposes the motion to dismiss upon three grounds: (1) that art. 5529, rather than art. 5526(7), applies; (2) that art. 5538 tolls the statute of limitations for one year (no administrator or executor having qualified), thus giving plaintiff three years in which to bring his action; and (3) that the holding of the Fifth Circuit Court of Appeals in Harrison v. Thompson, 447 F.2d 459 (1971), requires that since the burden of proof as to limitations is on defendant, defendant may not raise the defense of limitations by motion but must establish his defense at a full evidentiary hearing.

■ The Court must reject all three of plaintiff's contentions in opposition to the motion to dismiss. First of all, it has been clearly established heretofore that art. 5526(7) provides the period of limitations applicable to Texas wrongful death actions. Paris & G. N. Ry. Co. v. Robinson, 127 S.W. 294, 296 (Tex.Civ. App.1910), rev'd on other grounds, 104 Tex. 482, 140 S.W. 434 (1911); Buss v. Robison, 255 S.W.2d 339, 343 (Tex. Civ.App.—Amarillo 1952, writ ref'd n. r. e.). Plaintiff cites no cases to the contrary. Art. 5529 is merely the four-year statute of limitations for actions not otherwise provided for by statute.

■■ Second, art. 5538 does not toll the statute of limitations for one year. This article provides that

> In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run . . . until twelve months after such death, unless an administrator or executor shall have sooner qualified . . . .

Art. 5538 therefore applies only to cases in which a cause of action exists against the decedent prior to his death. Plaintiff's cause of action, if any, accrued at the moment of death and not before. Missouri-Kansas-Texas R. R. Co. v. Hamilton, 314 S.W.2d 114, 117 (Tex. Civ.App.—Dallas 1958, writ ref'd n. r. e.); Huntington v. Walker's Austex Chili Co., 285 S.W.2d 255, 257 (Tex.Civ. App.—Waco 1955, writ ref'd). In addition, art. 5526(7) states that "the cause of action shall be considered as having accrued at the death of the party injured." It is inconceivable that the legislature would have worded art. 5526 in its present form if the caveat of art. 5538 had been intended to apply, since in every case of wrongful death there is a period of time, however brief, following death, during which no executor or administrator has been qualified. Hence the actual time allowed for bringing a wrongful-death action would always be longer than two years, expressly contrary to the provisions of art. 5526.

This Court is of the opinion that art. 5538 is inapplicable even to actions brought on behalf of a decedent's estate for such items of damage as pain and suffering and funeral expenses, since art. 5526(7) appears to provide the period of limitations for all actions under the Wrongful Death Statute. But it is unnecessary to decide this question, since plaintiff is claiming damages in his own behalf and not on behalf of his wife's estate.

■ Finally, the Court holds that no evidentiary hearing on the motion to dismiss is required by Harrison v. Thompson, 447 F.2d 459 (5th Cir. 1971). This is because the present plaintiff, unlike the plaintiff in *Harrison*, has raised no "questions of fact which rendered it inappropriate to dispose of the case by dismissal." 447 F.2d at 460. There are no unresolved questions of fact relevant to the instant motion to dismiss.

The Court accordingly holds that plaintiff's action is barred by the applicable statute of limitations. Defendant's motion to dismiss is granted.

Costs are taxed against plaintiff.