**Richard R. ROTHE, et al.**

v.

**FORD MOTOR COMPANY.**

**No. CA3–80–0604.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 19, 1981.

Robert H. Osburn, Blassingame & Osburn, Dallas, Tex., for plaintiffs.

David S. Kidder, Thompson & Knight, Dallas, Tex., for defendant.

Steven D. Wolens, Dallas, Tex., Guardian Ad Litem.

## MEMORANDUM OPINION AND ORDER

ROBERT W. PORTER, District Judge.

This a personal injury case. Jurisdiction is founded on diversity of citizenship. The action arises out of an automobile accident which occurred on May 17, 1978 outside of Mineral Wells, Texas. Marilyn Isaacs Rothe was operating a 1977 Ford Pinto on U.S. Highway 281 when she lost control of the vehicle. The vehicle left the highway and struck two large trees. Upon impact, the vehicle exploded and Mrs. Rothe was burned to death. The Plaintiff in the action is the surviving spouse, who brings this action in his individual capacity and as a representative for the Rothe's minor child as well as his deceased wife's estate. The

Plaintiff alleges that the Defendant Ford Motor Company was negligent in the design and manufacture of the vehicle in question. Plaintiff also alleges that the Defendant is liable under the doctrine of strict liability and that the Defendant breached express and implied warranties in the sale of the car. Finally, Plaintiff adds a claim under the Texas Deceptive Trade Practices Act. The case is before the Court on Defendant's motion for partial summary judgment. The Defendant asserts that all claims brought by the Plaintiff in his individual capacity as well as those brought on behalf of the estate are barred by the Texas Personal Injuries Statute of Limitations, Tex. Rev.Civ.Stat.Ann. art. 5526 (Vernon's Supp. 1980). The Defendant concedes that the limitations period was tolled as to the claims brought on behalf of the minor child and that these claims are not barred by limitations.

It is undisputed that Plaintiff's injury occurred on May 17, 1978. Plaintiff instituted suit by filing the complaint in this action on May 19, 1980. May 19, 1980 fell on a Monday. Article 5526, *supra*, entitled "Actions to be commenced in two years," provides in pertinent part:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

. . . . .

4. Action for injury done to the person of another."

Plaintiff advances three arguments in support of his position that Article 5526, *supra*, does not bar the instant suit. First, Plaintiff argues that Tex.Rev.Civ.Stat.Ann. art. 5538 (Vernon's 1958), entitled "Limitation after death," operates to toll Article 5526. Second, Plaintiff argues that Rule 6(a) of the Federal Rules of Civil Procedure extends the limitations period when the last day of the limitations period falls on a weekend or holiday. Finally, Plaintiff asserts that the complaint states a cause of action for breach of express and implied

warranties under the Texas Business and Commerce Code, and that a cause of action for consequential damages (including personal injuries) arising out of a breach of warranty is governed by the Business and Commerce Code four year statute of limitations. *See Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456 at 458 (Tex.1980).

■ Plaintiff's first argument is without merit. Article 5538 states that "[i]n case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run" until twelve months after death or whenever an administrator or executor is qualified to handle the estate, whichever occurs first. Both state and federal courts have construed the statute to toll the running of limitations only as to causes of action existing in favor of the decedent prior to his death. *Lubawy v. City of McLean, Texas*, 355 F.Supp. 1109, 1111 (N.D.Tex.1977); *Jones v. Young*, 539 S.W.2d 901, 905 (Tex. Civ.App.—Texarkana 1976, *writ ref'd n.r.e.*). Further, the Court in *Lubawy* specifically rejected the application of the tolling statute to wrongful death causes of action. *Lubawy, supra* at 1111.

Article 5538 is simply not applicable to the facts of this case.

Plaintiff's second argument is more difficult. As stated above, this suit was filed the Monday following the last day of the limitations period. Rule 6(a) of the Federal Rules of Civil Procedure provides:

"(a) COMPUTATION. In computing any period of time prescribed or allowed by these rules, . . ., *or by any applicable statute*, the day of the act, event or default from which the designated period of time begins to run shall not be included.

The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday."

(*emphasis added*). The last day on which the present suit could be brought within the literal meaning of the limitations statute was a Saturday, May 17. Hence, Plaintiff asserts that Rule 6(a) allows the bringing of the suit on the following Monday, May 19, 1980. Defendant counters the argument with Texas cases which have held that Tex. R.Civ.P. Rule 4, which for the purposes of this issue is precisely the same as its federal counterpart,[1] does not operate to extend the limitations period promulgated by the Texas Legislature. *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 589 (Tex.1972); *Fulghum v. Baxley*, 219 S.W.2d 1014 (Tex.Civ.App.— Dallas 1949, *no writ*). The principle underlying those decisions is that the Supreme Court of Texas did not have the authority to alter the spoken words of the Texas Legislature. *See* Tex.Rev.Civ.Stat.Ann. art. 1731a ("Such Rules shall not abridge, enlarge or modify the substantive rights of any litigant.")

Plaintiff's response to the above cited cases is that the federal courts and the Federal Rules of Civil Procedure are not so constrained. He asserts that the issue presents this court with an opportunity to apply the teachings of the United States Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Only two courts in this circuit have addressed the issue. In *Roberts v. General Dynamics, Convair Corp.*, 425 F.Supp. 688 (S.D.Tex.1977) the issue was raised[2] but the

---

1. Tex.R.Civ.P. 4 COMPUTATION:

   "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."

The "Historical Note" to the Rule indicates that its source is Federal Rule of Civil Procedure 6(a). Tex.R.Civ.P. 4 (Vernon's 1967).

2. *Id.* at 690:

   "The applicability of Federal Rule 6 to a state statute of limitations like article 5526 is unclear. Although *Guaranty Trust Company v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and *Ragan v. Merchants Transfer & Warehouse Company*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), indicate that

case was decided on other grounds. In *Toups v. Texaco, Inc.*, 317 F.Supp. 579 (W.D.La.1970) the court chose to look to state law. Citing a Louisiana case which held that a limitations statute is tolled from a legal holiday or weekend until the next legal day, the court opted to apply Rule 6(a) principles and held that the limitations statute was not a bar. *Toups* is distinguishable from the case at bar in that the courts of Texas have expressly declined to apply Rule 6(a) principles (under Tex.R.Civ.P. Rule 4) to Article 5526. *See Kirkpatrick, supra.* Thus, the issue is whether Federal Rule 6(a) may be applied by a federal court to give a state created tort cause of action a longer life in federal court than it would have in state court.

A resolution of the issue is contingent under two subissues. First, is Rule 6(a) applicable to state statutes of limitation by virtue of its "any applicable statute" language? If so, is such an application consistent with *Hanna, supra,* and the Rules Enabling Act, 28 U.S.C. § 2072?

There is ample support on either side as to the first subissue. The Advisory Committee's Notes to the Rule do not reveal any intention that the phrase "any applicable statute" should include state statutes of limitation. Neither do the Notes negative the contention that the Rule was intended to encompass state statutes of limitation. Professors Moore and Wright seem to be in agreement that Rule 6(a) was not expressly intended to apply to state statutes of limitations. *See* 2 Moore's Federal Practice ¶ 6.06[2]; 4 Wright & Miller, Federal Practice & Procedure, § 1164. Further, dictum in an opinion by Judge Charles E. Clark,[3] the original Reporter to the Advisory Committee that prepared the federal rules, indicates that Rule 6 is only

applicable to time periods which are in issue after the commencement of the suit. On the other hand, courts have in fact looked to Rule 6(a) in deciding questions concerning state limitations. *See Bratel v. Kutsher's Country Club*, 61 F.R.D. 501, 502 (S.D.N.Y.1973); *Powell v. Kull*, 329 F.Supp. 193 (M.D.Pa.1971). Furthermore, the Rule has been utilized extensively in the context of federal causes of action. *See* 4 Wright & Miller, *supra,* § 1163 at 611 and *cases cited therein*; 2 Moore's Federal Practice ¶ 6.06[2] at 1550.21 n. 3 and *cases cited therein.* I am of the opinion that the proper rule regarding the application of Federal Rule 6(a) to state statutes of limitation has been enunciated by Professors Moore and Wright, respectively. Professor Moore concludes that the rule is not expressly applicable to state statutes of limitation but that the principles embodied in the rules may be utilized, by analogy, in a diversity case "unless there is something in the statute of limitations (*or decisions construing it*) which does not warrant the adoption of such a method." 2 Moore's Federal Practice ¶ 6.06[2] at 1500.20 (*emphasis added*). Professor Wright concludes that

"utilization of Rule 6(a) in federal question litigation in the absence of an alternative directive as to measurement or a contrary statutory policy is quite different from employing Rule 6(a) in diversity cases in the face of a defined state practice or policy on the subject. On the other hand, if state law is silent on the question of computation or the local measurement rule is ministerial or not substantive in character, the case for applying Rule 6(a), either directly, or as a guideline, is enhanced considerably."

4 Wright & Miller, *supra,* § 1164 at 618. There is ample support in the cases for the

---

state practice must be followed, the more recent holding in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), makes that result less certain. See 4 Wright & Miller, Federal Practice and Procedure: Civil § 1164 (1969). As far as this court can determine, no court has addressed the applicability of Rule 6 to a state limitations period since the addition of *Hanna* to the line of

cases headed by *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although the question is an interesting one, this court need not resolve it at this juncture."

3. *Joint Council Dining Car Employees Local 370 v. Delaware, L & W R. R.*, 157 F.2d 317 (2nd Cir. 1946).

proposition that Rule 6(a) may be applied by analogy to state statutes of limitation only to the extent that such application does not conflict with established state practice. *See Bledsoe v. Dept. of Housing and Urban Development*, 398 F.Supp. 315, 320 (D.C.Pa.1975); *Toups, supra* at 580; *Macri v. Flaherty*, 115 F.Supp. 739, 742 (D.D.S.C.1953). Rule 6(a) is not, however, expressly applicable to state statutes of limitation. In the case at bar Texas has an established policy of strict construction of the relevant limitations period in issue and I therefore decline to apply the federal rule by analogy. Thus, the suit is not timely insofar as it is governed by Article 5526.

Having concluded that Rule 6(a) is inapplicable to the limitations statute in question it is unnecessary to reach the Erie doctrine issue—whether the federal courts may apply Rule 6(a) to give a state cause of action a longer life in federal court than it would have in state court. I note, however, that the Supreme Court has addressed this issue in *Ragan v. Merchants Transfer & Warehouse Company*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) and concluded that the answer is negative. In *Ragan*, the Plaintiff filed his action prior to the expiration of the statute of limitations but failed to achieve service on the defendant. Federal Rule 3 provided that an action was commenced upon the filing of the complaint. The state statute in question provided that the action was commenced upon service of process on the defendant. The Court concluded that the state method of calculation must control. The vitality of *Ragan*, however, has been questioned as a consequence of the more recent Supreme Court case of *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Hanna*, state law required in hand service upon an executor. The Plaintiff served the Defendant in accordance with Rule 4(d)(1) by leaving a complaint and summons "with someone of suitable age and discretion" who lived with the defendant in his "usual place of abode." The Court concluded that the federal rule controlled. The *Hanna* Court drew a distinction between those cases in which the federal rule was in direct conflict with the state rule and other cases in which the federal rule was not broad enough to impact on the state rule. In the former, such as *Hanna*, the efficacy of the federal rule is tested by ascertaining whether the rule is a proper exercise of rule making power within the confines of the Rules Enabling Act, 28 U.S.C. § 2072. In the latter, "there being no Federal Rule which covered the point in dispute, *Erie* commanded enforcement of state law." *Id.* at 469–70, 85 S.Ct. at 1142–43. I am of the opinion that the case in bar falls into the latter category. The federal rule in question here, Rule 6(a), is not expressly applicable to state statutes of limitation and accordingly, state law is controlling. Therefore, I am also of the opinion that Defendant's Motion for Summary Judgment must be granted, and all counts which are controlled by Article 5526 dismissed with prejudice.

Finally, Plaintiff asserts that paragraph V of his complaint alleges breach of express and implied warranties under the Texas version of the Uniform Commercial Code, and that those claims are governed by the Code's four year statute of limitations. In support of this position, Plaintiff cites *Garcia v. Texas Instruments, Inc.*, Tex., 610 S.W.2d 456, 458 (1980). In *Garcia*, the Texas Supreme Court held that an action based on breach of an implied warranty of merchantability (Tex.Bus & Com.Code § 2.314) for personal injuries is governed by the Code's four year statute of limitations (Tex. Bus. & Com.Code § 2.725(a).[4] The Court, however, dealt only with the implied warranty of merchantability. *Garcia, supra* at 459. The decision rests mainly upon the express language of the Code,[5] and in part, the

---

**4.** § 2.725(a): "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

**5.** With regard to the existence of a cause of action for personal injuries under section 2.314

*Garcia* court stated that "[r]ecognition of this statutory cause of action is mandated by the express provisions of the Code." At 462. With regard to whether the two year personal injuries statute of limitations governed the action, the court stated that "[t]he Code provides

ticular the express language of section 2.715 which delineates a "Buyer's Incidental and Consequential Damages." Tex.Bus. & Com. Code § 2.715.[6] That section states that a buyer's consequential damages include personal injuries proximately resulting from any breach of warranty.

 With the scope and rationale of the *Garcia* decision in mind, it is clear that in so far as Plaintiff has plead a cause of action under section 2.314 for personal injuries resulting from a breach of an implied warranty of merchantability, that claim is governed by the Code's four year statute of limitations. The applicability of *Garcia* to express warranties (§ 2.313) is less certain. The underlying basis for the decision, however, indicates that actions brought pursuant to those sections would likewise be governed by the Code's four year statute of limitations even though the actions are brought to recover for personal injuries. The language of section 2.715 is equally applicable to express warranties and implied warranties of fitness for a particular purpose. Although there are decisions under the law of Texas holding that actions for personal injuries premised upon breach of implied warranty of fitness are governed by the Article 5526, *e.g. Thrift v. Tenneco Chemicals, Inc., Heyden Division*, 381 F.Supp. 543, 544 (N.D.Tex.1974), the clear language of the Code and the opinion in Garcia suggest a contrary result. Therefore, I am of the opinion that inasmuch as Plaintiff has alleged a cause of action for either breach of express warranty or breach of warranty of fitness for a particular purpose (and it is unclear from paragraph V of the complaint), those claims are not barred by Article 5526. Accordingly, the Court enters the following Order: Defendant's Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART as follows,

(1) Those claims asserted on behalf of the Plaintiff in his individual capacity and on behalf of the estate of the deceased which are based upon the doctrine of strict liability and/or negligence are dismissed with prejudice;

(2) Defendant's Motion for Partial Summary Judgment is DENIED with respect to paragraph V of Plaintiff's Complaint, insofar as paragraph V states a cause of action for personal injuries resulting from breach of express or implied warranties.

So ORDERED this 19th day of February, 1981.

---

a statutory remedy, hence the traditional distinctions between tort and contract are not relevant." *Id.* at 463.

6. § 2.715(b): "Consequential damages resulting from the seller's breach include ... (2) injury to person or property proximately resulting from any breach of warranty."