Judge PATRICIA RIVET MURRAY.
| ¶ This is a personal injury suit. The plaintiffs, Lillie and Hayes Labit, appeal from a judgment of the trial court granting the exceptions of prescription filed by the defendants, The Palms Casino & Truck Stop, Inc. (“The Palms Casino”) and J & R Amusement Company, Inc. (“J & R”). For the reasons that follow, we reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On December 25, 2006, Mrs. Labit was leaving The Palms Casino, which is located in St. Bernard Parish, when she tripped on a concrete parking stop and fell to the ground. On December 27, 2007, Mr. and Mrs. Labit filed a pro se petition in the 34th Judicial District Court for the Parish of St. Bernard (“34th JDC”), asserting tort claims for Mrs. Labit’s personal injuries and Mr. Labit’s loss of consortium. Named as defendants were The Palms Casino and J & R. In response, The Palms Casino and J & R each filed a peremptory exception of prescription.
On May 16, 2008, an evidentiary hearing was held on the exceptions. On July 14, 2008, the trial court rendered a judgment sustaining the exceptions and dismissing the suit. In its reasons for judgment, the trial court reasoned that the Labits’ tort claims were subject to a one-year prescriptive period under La. C.C. |2art. 3492. The date of the alleged injury was December 25, 2006. The one year period ended on December 25, 2007. Because the last day of the prescriptive period was Christmas Day, which is a legal holiday under La. R.S. 1:55, the Labits had until the end of the next day, December 26, 2007, to file suit. La. C.C.P. art. 5059.
The trial court recognized that an en banc order was signed by the Judges of the 34th JDC closing the courthouse building and all offices within it for the Christmas holidays from December 24 to 26, 2007. The trial court, however, found that since there was no emergency this order did not make December 26, 2007, a legal holiday. The trial court noted that testimony was taken at the hearing from the Chief Deputy Clerk of the 34th JDC, Lena Nunez, who stated that on December 26, 2007, she and Lena Torres, the Clerk of Court, were available at their residence *913 the entire day to receive court filings. For these reasons, the trial court sustained the exceptions of prescription and dismissed the Labits’ claims. This appeal followed.
DISCUSSION
The sole issue presented in this case is whether the trial court erred in granting the peremptory exception of prescription. The Labits concede, as the trial court found, that the en banc order did not make December 26, 2007, a legal holiday.[1] The Labits nonetheless contend that their suit was timely filed because prescription was suspended for one day as a result of the clerk’s office being closed. They contend that the trial court should have resorted to the equitable | ¡¡doctrine of contra non va-lentem to find such a suspension.[2] In particular, they contend that the first of the four categories of contra non valentem applies here.[3] The first category applies “where there was some legal cause which prevented the courts or them officers from taking cognizance of or acting on the plaintiffs action.” Corsey v. State, Through Dep’t of Corrections, 375 So.2d 1319, 1321 (La.1979).[4] The first category encompasses situations in which the courts are closed due to war or some natural disaster such as a hurricane. Frank L. Maraist and Thomas C. Galligan, Louisiana Tori Law, § 10-4(b)(1996). This category was invoked to suspend prescription in circumstances similar to those presented in this case in Saxon v. Fireman’s Ins. Co. of Newark, New Jersey, 224 So.2d 560 (La. App. 3d Cir.1969).
In Saxon, the plaintiffs filed suit on December 27, 1962, to assert a claim for personal injuries allegedly resulting from the medical treatment rendered on December 24 and 25, 1961. In finding no error in the trial court’s holding that the original suit was timely filed, albeit three days past the prescriptive period, the appellate court, in a decision authored by former Judge Tate, reasoned that “actions are commenced by filing them in the clerk’s office.” Saxon, 224 So.2d at 561 Inciting La. C.C.P. arts. 253 and 421). The court *914 noted that it was undisputed the clerk of court’s office was closed on December 24, 25, and 26, 1962, and that the plaintiff therefore could not file suit on those days. Citing the doctrine of contra non valen-tem, the court concluded that “[t]he prescriptive period is suspended when, due to the absence of the clerk of court or other personnel authorized to receive suits for filing, the party is unable to file his pleadings on the last day of the delay.” Saxon, 224 So.2d at 561.
The Palms Casino argues that the doctrine of contra non valentem should not be applied in this case because the Labits could have filed suit on December 26, 2007, by delivering their petition to the clerk’s house. Rejecting a similar argument, the court in Saxon reasoned:
It is true that, if the plaintiff had searched out the clerk of court at his home and if that official had accepted the pleadings for filing on the last day, then such ‘filing’ would be treated as if timely. Johnston v. Nanney, 244 La. 959, 155 So.2d 196 [ (1963) ]. However, we cannot hold that counsel was under an obligation to attempt this exceptional approach, on penalty of forfeiture of his client’s rights, where he was unable to file his suit in the manner provided by law, due to the unauthorized closing of the clerk’s office on days not legal holidays.
Saxon, 224 So.2d at 562.
J & R acknowledges that the Saxon case should be controlling, but argues that the Saxon case is distinguishable from this case. The distinguishing factor, it contends, is that in Saxon the plaintiffs’ counsel repeatedly called the clerk’s office during the days on which it was closed; whereas, the Labits failed to establish that they took any action to timely file suit within the prescriptive period. We find this to be a distinction without a difference. The undisputed evidence in this case, as in Saxon, is that on December 26, 2007, the clerk’s office was closed.
|5J & R further argues that its registered office on December 26, 2007, was located in Orleans Parish and that the Labits could have filed their suit in that parish on December 26, 2007.[5] At the hearing on the exceptions, J & R put on evidence establishing that it relocated its registered office to Orleans Parish and that the clerk of court’s office in Orleans Parish was open on December 26, 2007. A similar argument was rejected by the federal district court in Toups v. Texaco, Inc., 317 F.Supp. 579 (W.D.La.1970).
In Toups, the plaintiff was injured on December 26,1968. The plaintiff filed suit in the Western District federal court on December 29, 1969, more than one year after the alleged accident. Although the plaintiff attempted to file suit on December 26, 1969, he was unable to do so because the clerk’s office for the Western District was closed. By executive order, December 26, 1969, was designated a holiday for federal employees. The plaintiff filed suit on the next legal day, Monday, December 29, 1969. In arguing that the plaintiffs suit was untimely, the defendants presented evidence establishing the 16th Judicial Court for the Parish of St. Mary was open and that the plaintiff could have filed suit in that court of competent jurisdiction within the prescriptive period. Rejecting that argument, the federal district court found the Saxon case controlling. The court reasoned that the plaintiff had the right to select the forum in which to file suit and was not required to seek an alternative forum. The court cited Saxon for the proposition that “prescription was *915 suspended when a party is unable to file suit on the last day of delay as a result of the Clerk’s office being closed, whether that day fell upon a legal holiday or the office was closed for some other reason.” Toups, 317 F.Supp. at 580. The court commented that the result reached in the Saxon case is sound.
Assuming, arguendo, that the Labits could have filed suit in Orleans Parish,[6] we find they were entitled to select the forum in which to file their suit. Indeed, J & R acknowledges that venue was proper in St. Bernard Parish, the 34th JDC, where the accident occurred. La. C.C.P. art. 74. Because the clerk’s office in the forum the Labits selected was closed on December 26, 2007, prescription was suspended for a day. The Labits timely filed suit in that forum on the next day.

DECREE

For the forgoing reasons, the judgment, of the trial court is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, C.J., concurs.
ARMSTRONG, C.J., concurs.
I respectfully concur in the result reached by the majority.

. See Louis v. Security Ins. Co. of Hartford, 356 So.2d 1019, 1021 (La.App. 1st Cir.l977)(noling that ''[l]egal holidays are defined by statute not by when the various clerks of court's offices are closed”); Wright v. St. Landiy Public Housing Corp., 06-1241, p. 4 (La.App. 3 Cir. 2/7/07), 949 So.2d 659, 662 (noting that "there is no authority for the chief judge to simply declare a legal holiday for the clerk of court's office”).

. See La. C.C. art. 3467, Comment (d)(noting that despite the clear language of the Civil Code, "courts have, in exceptional circumstances, resorted to the maxim of contra non valentem non cmrit praescripto.")

. In Corsey v. State, Through Dep't of Corrections, 375 So.2d 1319 (La.1979), the Louisiana Supreme Court outlined the four categories of contra non valentem as follows: 1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; 3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Id. at 1321-22.

.As the Labits point out and J & R concedes, there is some dispute over whether the first category requires the cause be a "legal cause.” See Benjamin W. Janke, Comment, Revisiting Contra Non Valentem in Light of Hurricanes Katrina and Rita, 68 La. L.Rev. 497, 502-03 (2008)(noting that modem recapitulations of the first category of contra non valentem have inaccurately termed it "legal cause” despite that the jurisprudence has treated this category as encompassing both factual and legal barriers.) For purposes of the present case, we find it unnecessary to resolve that dispute.

. The Palms Casino, as an alleged joint tort-feasor of J & R, joins in this argument.

. The Labits contend that the only proper venue was in St. Bernard Parish because J & R failed to comply with the requirements of La. R.S. 12:104 when it moved its registered office from St. Bernard to Orleans Parish following Hurricane Katrina. For purposes of the present appeal, we find it unnecessary to decide this issue.