# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2024

Lyle W. Cayce
Clerk

No. 24-20034

Hector Salas, Sr., *individually and as representative of* the Estate of Hector Salas, Jr.; Andrea Silva, *individually*, *as next friend* H. S., *as next friend* A. S.; Cynthia Montiel, *as next friend* E. S.,

*Plaintiffs—Appellants*,

*versus*

City of Galena Park; Cynthia Jimenez, *in her individual and official capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4479

---

Before Jones, Barksdale, and Ho, *Circuit Judges*.

Per Curiam:[*]

This is the second appeal of a case involving the death of Hector Salas, Jr., while in the custody of the Galena Park Jail.  On remand from the first appeal, the district court dismissed the remaining claims against Officer

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Cynthia Jimenez as barred by the statute of limitations and those against the City as not permitted by this court's remand of the case. We AFFIRM.

## BACKGROUND

The facts and procedural history underlying this case are described in an earlier opinion of this court. *See Salas v. City of Galena Park (Salas I)*, Nos. 21-20170, 21-20333, 2022 WL 1487024 (5th Cir. May 11, 2022). In short, a Galena Park, Texas, police officer took Hector Salas, Jr., to Ben Taub Hospital after his wife reported him as suicidal on November 28, 2018. Salas was released later that day. The next day, his wife again reported his suicidality to the police, who took him to Galena Park Jail. Despite noting that Salas was suicidal at intake, officers stationed at the jail did not monitor him. Shortly after midnight on November 30, 2018, Salas committed suicide in his cell.

The Plaintiffs filed suit in state court against the City of Galena Park, a former Galena Park police chief, and five unnamed police officers on August 19, 2019 (the "City Suit"). And on December 1, 2020, after the Defendants removed the City Suit to federal court, the Plaintiffs filed a "very similar lawsuit in state court" naming only individuals, including Officer Cynthia Jimenez, as defendants (the "Officer Suit"). *Id.* at *3. The Officer Suit was then also removed to federal court. There, the district court dismissed the City Suit for failure to state a claim and dismissed the Officer Suit as time barred. We need not further describe the tortured case history leading up to this court's previous decision.

On appeal, this court consolidated the City Suit and the Officer Suit. *Id.* With respect to the City Suit, this court held that the Plaintiffs failed to adequately allege municipality liability under *Monell* and its progeny. *Id.* at *4. But it went on to explain that the Plaintiffs did allege "a violation of a constitutional right—contrary to the district court's ruling—and the

proposed amended complaint does succeed in stating a claim against the individual officers on duty that night." *Id.* It specified that the claim stated was "against Officer Jimenez." *Id.* at *7. It remanded the case because the district court failed to analyze the factors relevant to considering a request for leave to amend and because those factors supported leave to amend under these circumstances. *Id.* at *6–7. This court then affirmed the district court's judgment that the Plaintiffs filed the Officer Suit after the two-year statute of limitations expired. *Id.* at *8.

On remand, the district court ordered the Plaintiffs to "amend the complaint consistent with the Court of Appeals' ruling," which the Plaintiffs attempted to do on August 12, 2022. *Salas v. City of Galena Park*, H-19-4479 (S.D. Tex. July 11, 2022) (post-remand order to amend). The district court again dismissed their complaint as defective, this time because the Plaintiffs attempted to name the City, several other individuals, as well as Jimenez as defendants. The Plaintiffs repeatedly attempted to do so despite the district court's repeated orders that only Jimenez remained a potential defendant after *Salas I*. After several months of that back-and-forth, the district court accepted the post-remand amended complaint while clarifying that "Defendants other than Jimenez need do nothing else in the case because they have been dismissed." Against Jimenez, the Plaintiffs' claims are predicated on 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Texas Wrongful Death Act.

Jimenez moved to dismiss the post-remand amended complaint on the grounds that it was barred by the statute of limitations and that she was entitled to qualified immunity. The district court adopted a magistrate judge's Memorandum and Recommendation that the motion be granted on statute-of-limitations grounds and entered judgment. *Salas v. City of Galena Park*, H-19-4479, 2023 WL 8832763, at *5–6 (S.D. Tex. Nov. 22, 2023); *Salas v. City of Galena Park (Salas Post-Remand Final Order)*, No. 4:19-CV-

3

04479, 2023 WL 8830748 (S.D. Tex. Dec. 21, 2023). The Plaintiffs sought reconsideration, which was denied, and filed a notice of appeal.

## STANDARD OF REVIEW

This court reviews the motion to dismiss granted by the district court *de novo*, "accepting all well-pleaded facts as true and interpreting them in the light most favorable to the plaintiff." *Salas I*, 2022 WL 1487024, at \*3 (citing *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018)). To avoid dismissal, the facts pleaded in the complaint must plausibly show that the plaintiff is entitled to relief. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1955 (2007)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Salas I*, 2022 WL 1487024, at \*8 (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

## DISCUSSION

On appeal, the Plaintiffs assert that they are entitled to continue their suit against Jimenez and against the City. They do not appeal the district court's dismissal of the other individuals they previously attempted to add as defendants in this case, nor do they address the district court's dismissal of the tort or ADA claims. The Plaintiffs' attempts to add the City are without merit and the section 1983 claim against Jimenez is barred by limitations.

The Plaintiffs' renewed attempt to sue the City is barred by our prior opinion. This court in *Salas I* explained that although the district court "erred in holding that the Estate failed to allege a violation of a constitutional right . . . the Estate failed to adequately plead facts showing that it was the City that was responsible for this constitutional violation. . . . The only facts alleged in the original petition speak to the jail officers' deliberate

indifference." 2022 WL 1487024, at *5. The court remanded the case only because "[t]he Estate's amended complaint [did] succeed in stating a claim against Officer Jimenez and allowing it to amend its pleading even at this late hour in the litigation would not unduly prejudice the defendants." *Id.* at *7. In summary, this court further emphasized:

> In the City Suit, we find no error in the district court's dismissal of the petition on the grounds of failure to adequately plead *Monell* liability. However, the district court . . . abused its discretion in denying leave to amend in the Estate's post-judgment motion to state claims of deliberate indifference to this right on behalf of the jailer, Cynthia Jimenez.

*Id.* at *8. The sole remaining claims are against Officer Jimenez.

Those claims are barred by the statute of limitations. "Federal law does not provide a limitations period for § 1983 claims, and so courts look to the statute of limitations for personal injury actions of the forum state. In Texas, that period is two years." *Id.* (citing *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008)). As explained in *Salas I*, because the Plaintiffs' claims accrued when Salas died on November 30, 2018, they had until November 30, 2020, to file suit. *Id.* Only the City Suit survived *Salas I* as timely filed. But the Plaintiffs first sought leave to amend their complaint and formally add Jimenez in a January 27, 2021, post-judgment Rule 59(e) motion.

"When a plaintiff adds a defendant after the limitations period has run, Rule 15(c) allows the plaintiff to relate the claims filed against the new defendant back to the date of the original filing." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470 (5th Cir. 2019). Rule 15(c) enables plaintiffs to "correct a *mistake* concerning the identity of a party." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). A plaintiff's "failing to identify individual defendants cannot be characterized as a mistake." *Id.* Accordingly, "an amendment to

substitute a named party for a John Doe does not relate back under Rule 15(c)." *Winzer*, 916 F.3d at 471 (quoting *Whitt*, 529 F.3d at 282–83).

Until after the limitations period expired, Plaintiffs' active complaint in the City Suit always identified Jimenez as a "John Doe." Later amending the complaint to identify one of the John Does as Jimenez "does not relate back under Rule 15(c)." *Id.* The cases Plaintiffs cite are inapposite because they do not involve naming a defendant the complaint previously left unidentified. *See, e.g.*, *Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010). Moreover, the record shows that Plaintiffs knew of Jimenez's role in Salas's death well before limitations ran. Contrary to Plaintiffs' suggestions, whether Jimenez had notice that Plaintiffs might attempt to add her to this case is irrelevant under the applicable line of cases. *See Winzer*, 916 F.3d at 471. Plaintiffs also misconstrue the remand by the *Salas I* court as demonstrating that adding Jimenez to their complaint was not futile. As the magistrate judge explained in a thorough opinion, the statute of limitations is an affirmative defense that could not be raised until the complaint was amended to add Jimenez on remand. This issue was not before the court in *Salas I*, nor was it decided.

Plaintiffs' two additional arguments based on tolling the statute of limitations also fail. One provision of Texas law tolls the limitations period until minor plaintiffs are no longer "younger than 18 years of age." Tex. Civ. Prac. & Rem. Code § 16.001(a)(1), (b). As the district court held, that issue was first raised in Plaintiffs' objections to the magistrate judge's Recommendation and is therefore waived. *Salas Post-Remand Final Order*, 2023 WL 8830748, at *1 (citing *FireFighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018)); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

No. 24-20034

Another provision tolls the statute of limitations for one year in cases involving "[t]he death of a person . . . in whose favor there may be a cause of action." TEX. CIV. PRAC. & REM. CODE § 16.062. This provision does not support tolling when the death itself spawns the claim. *See Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 266 (Tex. App.—Houston [1st Dist.] 1994; writ denied) (citing *Valdez v. Tex. Children's Hosp.*, 673 S.W.2d 342, 345 (Tex. App.—Houston [1st Dist.] 1984, no writ)); *Rothe v. Ford Motor Co.*, 531 F. Supp. 189, 191 (N.D. Tex. 1981) (citing *Lubawy v. City of McLean*, 355 F. Supp. 1109, 1111 (N.D. Tex. 1977)). This provision is inapplicable because Plaintiffs' claims accrued at Salas's death.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.