SAMUEL, Judge.
This matter is before us on a motion to-dismiss the appeal and on the merits.
ON THE MOTION TO DISMISS
The motion to dismiss the suspensive-appeal taken by Carteret, Inc., a garnishee,, was filed by the plaintiff-appellee, Mid-States Insurance Company, and is based1 on the contention that the appeal was not. taken timely.
Judgment in the amount of $311.24, with-interest, attorney’s fees and costs, was. rendered in this proceeding in favor of' plaintiff and against Robert L. Ward, the defendant in suit. Plaintiff then obtained.: *532 a writ of fieri facias and made the present appellant garnishee. Interrogatories and notice of the seizure were served on appellant through its registered agent on October 23, 1963. The interrogatories had not been answered on November 25, 1963 and at that time plaintiff filed a motion for judgment pro confesso against the garnishee in the amount of plaintiff’s judgment against Ward and for an additional attorney’s fee for the prosecution of the rule, all under the provisions of LSA-C.C.P. Art. 2413. The trial court ordered Carteret to show cause on December 16, 1963 why such judgment should not be rendered. On December 13, 1963 Carteret answered the interrogatories denying any indebtedness to Ward.
Carteret was absent and unrepresented at the hearing of the rule on December 16, 1963. On that date the trial court rendered and signed a judgment on the rule as prayed except that the award for attorney’s fees contained in the judgment against Ward was not included in the judgment against Carteret.
On December 20, 1963 Carteret filed a motion for a new trial. That motion was heard on December 30, 1963 and February 6, 1964. It was submitted on the latter date and taken under advisement. On November 10, 1965 the trial court rendered judgment dismissing the rule and denying a new trial on the ground that the application had not been filed timely. We believe the delay in rendering the judgment was due to the illness of the trial judge. This appeal was taken on November 29, 1965 from the judgment pro confesso rendered and signed December 16, 1963.
Appellant makes the following contentions in opposition to the motion to dismiss : (1) Inasmuch as negative answers to the interrogatories had been filed in the record prior to the hearing of the rule for judgment pro confesso against appellant, no such judgment legally could be rendered; and (2) Appellant was not served with plaintiff’s motion for judgment pro confesso, the order to show cause on December 16, 1963 why that judgment should not be rendered, or notice of the signing of that judgment and, as the record fails to show that notice of the judgment denying the new trial was ever served on appellant, the delay for applying for a new trial never commenced to run and the appeal was taken timely.
Appellant’s first contention, relative to the filing of answers to interrogatories before the rule was heard, addresses itself to the merits of the case on appeal and cannot be considered in connection with the motion to dismiss. The only question before us under appellee’s motion is whether or not the appeal should be dismissed. The crucial point involved in a consideration of that question is contained in that portion of appellant’s second contention which is concerned with the alleged lack of service on appellant of the motion for judgment pro confesso and order to show cause and the lack of service on appellant of notice of the signing of that judgment.
Service of a copy of the motion for judgment pro confesso and the order setting the rule to show cause on December 16, 1963 was made by a deputy sheriff of Plaquemines Parish, the parish where the service was to be made and where the action was pending. The sheriff’s return of that service is contained in the record on the back of a true copy of that motion and order. Appellant contends the return is not clear and therefore should be disregarded. We cannot agree with the contention.
Under LSA-C.C.P. Art. 1292 the sheriff’s return, when received by the clerk, forms part of the record and shall he considered prima facie correct. And under our jurisprudence the return of a proper officer on judicial process is presumed to be correct, the burden rests upon those *533 who attack the return to prove its incorrectness, and the return cannot be overthrown except on clear and convincing evidence consisting of more than the uncorroborated testimony of a single witness. Canterberry v. Slade Bros., 232 La. 1081, 96 So.2d 4; Logwood v. Logwood, 18S La. 1, 168 So. 310, 311; Sims v. First Nat’l Bank of Ruston, 177 La. 386, 148 So. 505; Stewart v. Purcell, La.App., 131 So.2d 907; Smith v. Crescent Chevrolet Co., La.App., 1 So.2d 421; Wright v. Peters Furniture Co., La.App., 153 So. 548.
The return in the instant case is signed by the serving deputy sheriff and states that on December 4, 1963 at Pointe-a-la-Hache, Louisiana he served a copy thereof by personal service on “Robert L. Ward same on E. W. Gravolet”. Mr. Ward was the defendant in suit and Mr. Gravolet was appellant’s registered agent for service of process. The record also contains extracts from the minutes of the trial court for December 30, 1963 and February 6, 1964, the two dates on which the motion for a new trial was heard. Those extracts show the agent for service of process, Mr. Gravolet, and the deputy sheriff who made the service and signed the return appeared as witnesses and testified. But the record does not contain a transcript •of the testimony of those witnesses nor •does it contain any evidence of any kind that the service was not made or was in•correctly made. The record contains no •evidence relative to service of the motion for judgment pro confesso and of the •order to show cause except the sheriff’s return we have just described.
The testimony of the serving deputy •sheriff and the agent for service of process -could have been offered for only one conceivable purpose, to prove a proper service of the motion for judgment pro confesso and of the order to show cause or to prove the absence of such a proper -service. The service could be valid even ¡though the return might or might not be correct (O’Conner v. Jones, 7 Orl.App. 26S) and the trial court could allow amendment of proof of service unless it clearly appeared that material prejudice would result to the substantial rights of the party against whom the process issued (LSA-C.C.P. Art. 1292), and no such prejudice appears here. The trial judge heard the testimony of both witnesses and must have concluded that the service had been made properly. That judgment is presumed to be correct in the absence of proof to the contrary and the record contains no such proof. Therefore we must and do accept the fact that a proper service of the motion for judgment pro confesso and of the order to show cause was made on the appellant on December 4, 1963.
The law relative to the necessity of serving appellant with notice of signing of the judgment pro confesso is found in LSA-C.C.P. Art. 1913, as amended by Act 23 of 1961, which reads as follows:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Except as otherwise provided in the first two paragraphs of this article, notice of the signing of a final judgment is not required.” LSA-C.C.P. Art. 1913.
*534 As appellant was served personally with the motion for judgment pro confesso and with the order requiring it to show cause, and as the matter was not taken under advisement by the trial court, the last paragraph of the quoted article is applicable here and there was no requirement that appellant be served with notice of the signing of the judgment pro confesso.
LSA-C.C.P. Art. 1974, as amended by Act 23 of 1961, the applicable law regarding delay for applying for a new trial, reads as follows:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” LSA-C.C.P. Art. 1974.
The judgment pro confesso was rendered and signed on December 16, 1963, a Monday. As Article 1913 does not require notice of that judgment, under the provisions of Article 1974 the three day delay during which appellant could have made timely application for a new trial began December 17, 1963 and ended December 19, 1963. Its application, filed on December 20, 1963, came one day too late.
LSA-C.C.P. Arts. 2087 and 2123 provide the respective delays for taking devolu-tive and suspensive appeals. The pertinent portions of those articles state that the devolutive appeal may be taken, and the security therefor furnished, within 90 days, and the suspensive appeal may be taken, and the security therefor furnished, within 15 days, of:
“(1) The expiration of the delay for applying for' a new trial, as provided by Article 1974, if no application has beeni filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
Under these articles it is quite clear that the only application for a new trial which can have any effect on the-running of the delay for taking either appeal is an application which has been filed1 timely. Paragraphs (2) and (3) refer to-a timely application for a new trial; and paragraph (1) refers to the case where no-application has been filed timely. We have concluded that appellant’s application for a new trial was filed one day too late. Therefore, paragraph (1) is applicable here and the delay for taking the. appeal began to run on December 20, 1963, the day after the expiration of the delay during which appellant could apply for a new trial under Article 1974. As its appeal was taken on November 29, 1965, almost two years later, Carteret’s appeal was taken too late for either a suspensive or a devolutive appeal and the same must be dismissed.
In connection with the portion of appellant’s second contention relative to-the record failing to show notice of the-judgment denying the new trial was ever served on appellant, it is true the record does fail to show that fact. But insofar as the motion to dismiss the appeal is-concerned, failure to make service of notice of that judgment is immaterial.. The delay for taking either appeal continued to run despite the late application for a new trial and despite the fact that such application was heard and taken under advisement. And that delay had expired *535 long before the judgment denying the motion for a new trial had been rendered.
It is therefore ordered that the motion to dismiss the appeal be maintained and that the appeal in this case be dismissed at the cost of the appellant.
Motion maintained and appeal dismissed.