ON MOTION TO DISMISS
LOTTINGER, Judge.
Appellees, William B. Uhlhorn and Frances Uhlhorn Wunderlich, move to dismiss this appeal on the grounds that “said appeal was not taken within the time allowed by law for either suspensive or de-volutive appeals.”
The brief record in this proceeding points out without question that the matter was tried and completed and judgment rendered in favor of the plaintiffs in the presence of attorneys for all sides on September 6, 1968. Judgment was read and signed in Chambers by agreement between counsel for plaintiff and counsel for the defendant on September 10, 1968. The defendant filed a motion for a new trial on September 17, 1968. Which motion was eventually denied on January 15, 1969. The defendant-appellant filed his petition for a devolutive appeal on April 3, 1969, along with the appeal bond.
Plaintiff-appellee contends that since the appellant did not request notice of the signing of the judgment, as provided for in LSA-C.C.P. Art. 1913, the delays for taking a devolutive appeal was within ninety days after the expiration of the delay for applying for a new trial as provided by LSA-C.C.P. Art. 1974. Since no applica-taion for a new trial was timely filed, and therefore since the petition for an appeal was more than ninety-three days after the signing of the judgment this appeal should be dismissed.
Defendant-appellant argues that a conversation and agreement transpired between counsel for plaintiff and counsel for defendant whereas counsel for plaintiff would prepare the judgment to be signed by the Court, but would forward a copy of said judgment to counsel for defendant prior to signing by the Court. He argues that this was not done. He further argues that since there is no certificate in the record by the Clerk of Court showing the date and to whom notice of the signing of the judgment was mailed, any doubt should be resolved in favor of the right to an appeal. For this proposition the defendant cites the case of Bielkiewicz v. Insurance Co. of North America, 201 So.2d 130 (La.App., 3rd Cir., 1967).
*715 Needless to say, this Court cannot be held by any oral agreements between counsel inasmuch as same are not a part of the record. As to the proposition that the Bielkiewicz case, supra, controls we do not agree. In the Bielkiewicz case, the Trial Court took the matter under advisement, and therefore under LSA-C.C.P. Art. 1913, the parties were entitled to written notice of judgment from the district Clerk of Court. The Clerk of Court failed to file his certificate of the date of mailing of the notice of judgment as required by the statutes. The Court resolved the question in favor of an appeal. The facts in the instant case do not present us with the question of where a notice of signing of judgment was required.
LSA-C.C.P. Art. 1913 provides:
“If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
“The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
Nowhere in the record of this proceeding do we find that the defendant has made a “request of record” for notice of the date when the judgment was signed.
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.” LSA-C.C.P. Art. 1974. Since request was not made for written notice of the signing of the judgment, the delay for applying for a new trial commenced to run on September 11, 1968, the day after the judgment was signed. September 11, 1968, was a Wednesday, therefore the defendant has Wednesday, Thursday and Friday within which to apply for a new trial, or until September 13, 1968. The motion for a new trial filed on September 17, 1968, was not timely filed and can therefore have no effect on the running of the delay for taking an appeal. Mid-States Insurance Company v. Ward, 187 So.2d 530 (La.App. 4th Cir., 1966). Therefore, the ninety day delay within which to perfect a devolutive appeal as provided by LSA-C.C.P. Art. 2087 commenced on September 14, 1968. Since the petition for appeal was filed on April 3, 1969, and more than ninety days after September 14, 1968, the appeal was not timely perfected.
Therefore, for the above and foregoing reasons the appeal is dismissed. All costs to be paid by defendant-appellant.
Appeal dismissed.