AYRES, Judge.
This appeal by defendant from a judgment rendered in plaintiff’s favor on a confirmation of a default presents a question as to the timely filing of a motion for a new trial.
Plaintiff instituted this action on May 3, 1971, against the defendant on an open account alleging an indebtedness of $2,773.70. Personal service was made on the defendant on May 5, 1971. A preliminary default was entered on May 21, 1971, and, on May 26, 1971, was confirmed. Accordingly, judgment was read, signed, and filed on the latter date. A motion for a new trial was filed on behalf of defendant on June 1, 1971. It was therein alleged that the failure to timely file an answer to plaintiff’s demands was due to excusable neglect on the part of defendant’s attorneys, and that the defendant had a valid defense to plaintiff’s demands.
The trial court refused to consider the motion for a new trial for the reason that the motion had not been timely filed. In a written opinion the court stated that had the motion been timely filed it would have granted a new trial. Thus, defendant perfected a suspensive as well as a devolutive appeal from the judgment rendered against him.
Plaintiff contends the last day for filing a motion for a new trial was Monday, May 31, 1971, whereas defendant contends it was June 1, 1971. Appropriate is the language of LSA-C.C.P. Art. 1974, which provides:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The defendant having been personally served, it was unnecessary that he be served with a formal notice of the judgment. LSA-C.C.P. 1913.
Under the above-cited articles of the Code of Civil Procedure, the delay period for the filing of a motion for a new trial in this cause began on Thursday, May 27th. Friday, May 28th, was the second day of the delay. Saturday and Sunday, May 29th and 30th, respectively, were excluded from the period of the delay because they were designated as holidays or half holidays. Therefore, unless Monday, May 31st, was likewise excluded as a holiday in calculating the delay, the period provided for making application for a new trial terminated on that date.
LSA-R.S. 1:55 provides in part:
<< % ‡
“(1) The following shall be days of public rest and legal holidays: Sundays; January 1, New Year’s Day; January 8, Battle of New Orleans; January 19, Robert E. Lee Day; February 22, Washington’s Birthday; Good Friday; May 30, National Memorial Day; June 3, Confederate Memorial Day; July 4, Independence Day; August 30, Huey P. Long Day; the first Monday in September, Labor Day; October 12, Christopher Columbus Day; November 1, All Saints’ Day; November 11, Veterans’ Day; the fourth Thursday in November, Thanksgiving Day; December 25, Christmas Day; * * * ” (Emphasis supplied.)
Although May 30th, National Memorial Day, fell on a Sunday, the statute made no provision that the following day was to be a holiday. Only when December 25, January 1, or July 4 falls on a Sunday *697 does the statute provide that the succeeding day is a holiday. Therefore, under the aforesaid Louisiana statute, Monday, May 31, 1971, was not a holiday but a legal day. That day was the third or final day on which a motion for a new trial could have been filed in this cause unless, as contended by defendant-appellant, May 31, 1971, was a legal holiday as contemplated by LSA-C.C.P. Art. 1974 because it has been designated as such by the Congress in Title 5 U.S.C.A. § 6103 which declares that:
“(a) The following are legal public holidays :
New Year’s Day, January 1.
Washington’s Birthday, the third Monday in February.

Memorial Day, the last Monday in May.

Independence Day, July 4.
Labor Day, the first Monday in September.
Columbus Day, the second Monday in October.
Veterans Day, the fourth Monday in October.
Thanksgiving Day, the fourth Thursday in November.
Christmas Day, December 25.”
(Emphasis supplied.)
Pub.L. 89-554 § 1, 80 Stat. 378, an Act to enact Title 5, United States Code, “Government Organization and Employees”, codifying the general and permanent laws relating to the organization of the Government of the United States and to its civilian officers and employees, recites:

“Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

“That the laws relating to the organization of the Government of the United States and to its civilian officers and employees, generally, are revised, codified, and enacted as title 5 of the United States Code, entitled ‘Government Organization and Employees’, . . . ”
(Emphasis supplied in second paragraph.)
By the title and the provisions of this section of the United States Code, it is obvious that the intent and purpose of the Congress was to make provisions only with respect to the organization of the Government of the United States and to its civilian officers and employees. That the statutory provisions extend beyond its purpose or to the several states is indicated neither expressly nor impliedly. The Act was confined strictly to the organization of the United States Government and to its civilian officers and employees, and its language negates any intent on the part of the Congress to extend its provisions to the states or to designate holidays to be observed by the states, their employees, or the public generally.
The provisions of LSA-R.S. 1:55 designate the holidays to be observed in this State. Among these days is “May 30, National Memorial Day.” As heretofore noted, the statute does not provide that when May 30th falls on a Sunday the succeeding day shall be a holiday.
Nor is there any merit in defendant’s contention that the Louisiana Legislature intended to designate “May 30” one holiday and “National Memorial Day” another. The entire phrase, “May 30, National Memorial Day,” refers to only one day and not two. This is made clear by reference to the language generally used throughout the statute, wherein the holidays are first designated by date, followed by appropriate words indicating the particular occasions to be celebrated.
Holidays, as contemplated by LSA-C.C.P. Art. 1974, anticipate and include only those holidays designated or provided for by LSA-R.S. 1:55 or by other appropriate state law. Appellant nevertheless argues that the Federal statute renders the Louisiana statute ambiguous and urges the court to construe the statutes so as to harmonize their provisions. The Louisiana statute is not ambiguous. Its provisions are clearly expressed. It designates May 30th, not the last Monday in May, as a legal holiday.
*698 The conclusion is inescapable that the motion for a new trial was not filed within the delay provided by LSA-C.C.P. Art. 1974 but one day too late. The courts have recognized and enforced statutory provisions with reference to delays in filing applications for new trials. Uhlhorn v. Caire, 239 So.2d 713 (La.App., 1st Cir. 1970); Mid-States Insurance Company v. Ward, 187 So.2d 530 (La.App., 4th Cir. 1966).
Similar provisions with reference to the delays for filing applications for rehearings in appellate courts have been recognized and applied in proper cases. Williams v. Candlelight Inn, 224 So.2d 548, 552 (La.App., 3d Cir. 1969); Texaco, Inc. v. H. O. Roy, Inc., 229 So.2d 739, 741 (La.App., 3d Cir. 1969).
We find no error in the ruling of which defendant complains. Hence, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.