EDWARDS, Judge.
This court ex proprio motu issued an order for the appellant, Roger Williams Insurance Company, to show cause why its appeal should not be dismissed inasmuch as it appeared from the record that: appellant’s motion for a new trial was filed untimely; the trial court’s judgment after the new trial would therefore be invalid; and appellant’s appeal would also be untimely.
The original judgment in this case was signed on December 22, 1978, and, on the same day, a copy of the judgment was sent to all counsel of record. Appellant filed a motion for a new trial on January 8, 1978. The motion was granted, with a new trial being held on February 14, 1979. Judgment on the new trial was signed on February 20, 1979. Appellant’s orders for a sus-pensive and/or devolutive appeal from the latter judgment were filed on March 6, 1979. A cash bond of $500 was filed on March 22, 1979.
Appellant contends that its motion for a new trial was timely. It argues that the applicable delay of LSA-C.C.P. art. 1974 began on December 27, 1978 (Wednesday) and expired on January 8, 1979 (Monday) since the judgment was signed on December 22, 1978, a Friday, and December 25, 1978 (Monday), December 26, 1978 (Tuesday), January 1, 1979 (Monday) and January 2, 1979 (Tuesday) were holidays. Appellant states that December 25 and January 1 are holidays enumerated in LSA-R.S. 1:55, and that December 26,1978, and January 2,1979, were proclaimed holidays by the governor.
The record before us does not contain the copy of the governor’s proclamation which appellant contends was introduced as evidence. In fact, the record contains an affidavit of the Clerk of Court of East Baton Rouge Parish stating that his office was, in fact, open on both December 26, 1978, and January 2,1979. Nonetheless, we note that General Circular No. 445 contains the governor’s proclamation of December 26, 1978, and January 2, 1979, as legal holidays.
LSA-C.C.P. art. 1974 provides:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.”
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The Second Circuit stated in Consolidated Marketing, Inc. v. Busi, 256 So.2d 695, 697 (La.App. 2nd Cir. 1972):
“Holidays, as contemplated by LSA-C. C.P. Art. 1974, anticipate and include those holidays designated or provided for by LSA-R.S. 1:55 or by other appropriate state law.”
Included among the provisions of LSA-R.S. 1:55 is:
“B. Legal holidays shall be observed by the departments of the state as follows:
* * * * * *
(3) The Governor, by executive proclamation, may authorize the observance of such holidays and half-holidays as he may deem in keeping with efficient administration.”
Accordingly, we believe that December 26, 1978, and January 2, 1979, which were proclaimed holidays by the governor, are legal holidays within the contemplation of LSA-C.C.P. art. 1974 and must be excluded in determining the delay for applying for a new trial. The chronology of this suit, therefore, reveals:
Original judgment signed December 22,1978
Motion for new trial filed January 8,1979
Last day to file a motion for a new trial January 8,1979
New trial held February 14,1979
Judgment signed after new trial February 20,1979
Orders of appeal filed March 6,1979
Cash bond filed March 22,1979
Last day to appeal sus-pensively March 22,1979
*129 We find that appellant’s appeal is timely.
For the above reasons, the order previously issued is recalled and vacated, and the appeal is maintained.
ORDER VACATED.