BOUTALL, Judge.
Defendant-appellant Desa Industries appeals a judgment against it in the sum of $309,174.26, in favor of plaintiff-appellee Edward Magee, a 42 year old manual laborer. For the reasons that follow we vacate the December 1,1981 judgment from which Desa appeals, and furthermore we reinstate a previous judgment of January 13,1981 as the final judgment in this case.
Plaintiff-appellee, Edward Magee was seriously injured when on January 17, 1974 the blade of a concrete saw which he was operating shattered and a piece struck him in the forehead, penetrating the right frontal lobe of his brain. Six grams of brain tissue had to be excised with the blade fragment. One doctor at trial estimated that due to scarring and atrophy of the injured tissue Edward Magee has actually suffered a loss of approximately 300 grams of frontal lobe tissue. In addition, since the accident appellee has suffered from grand *422 mal epilepsy and has had loss of memory and trouble controlling his emotions.
Magee sued appellant Desa Industries, the manufacturer of the saw, as well as Edmar Abrasive, the manufacturer of the saw blade, Bodine Aluminum, the manufacturer of the blade guard, and J.R. Equipment Corporation, which rented the saw to Edward Magee’s employer.
Prior to the first trial, held on September 15-17 and October 23 and 24,1980, plaintiff settled with Edmar, Bodine, and J.R. Equipment Corporation, leaving Desa Industries as the sole remaining defendant. At the conclusion of the trial, the court found in favor of defendant Desa Industries. Shortly after the signing of the judgment, January 13,1981, and apparently at the suggestion of the trial judge, plaintiff moved for and was granted a new trial. At the close of the second trial the court held for plaintiff Edward Magee in the amount of $309,-174.26, with some $24,000.00 to be reimbursed to the worker’s compensation carrier. From this judgment against it Desa Industries has appealed.
ISSUES
Appellant (hereinafter referred to as Desa) specifies four errors for our review, to wit:
1. The trial court erred by granting a new trial and failing to recognize that it had no jurisdiction to substantially change its previous judgment rendered.
2. The trial court erred in its ruling that the plaintiff carried his burden of proof, thereby holding Desa Industries liable as a manufacturer.
3. The trial court erred in awarding plaintiff damages for total loss of future earning capacity.
4. The trial court erred in failing to reduce the judgment by 75% due to the plaintiff’s settlement immediately prior to trial with three of his alleged joint tort-feasors.
It is not necessary for this court to reach the substantive issues regarding Desa’s liability because the record clearly indicates that the judgment from which Desa appeals is an absolute nullity. This is so because plaintiff-appellee’s motion for new trial was filed untimely, with the result that the district court had no jurisdiction to rehear the case.
The timetable of events in this case was as follows:
Sept. 15-17 &
Oct. 24,25,1980 Trial
January 13,1981 Judgment signed
January 13,1981 Notice of signing of judgment mailed.
January 23,1981 Motion for new trial filed.
June 15,1981 Second trial.
Dec. 1,1981 Second judgment.
Louisiana Code of Civil Procedure Articles 1974 and 5059, and R.S. 1:55 are the applicable provisions governing delays for applying for new trial.
Article 1974 provides:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Article 5059 states:
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
*423 (2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
La.R.S. 1:55 supplies the days which are to be excluded in this computation of time. For the purpose of our discussion subsections B(2) and E of the statute are pertinent:
“B. Legal holidays shall be observed by the departments of the state as follows:
⅜ * ⅝ ⅜⅞ * ⅜!
(2) Dr. Martin Luther King, Jr.’s Birthday, Robert E. Lee Day, Washington’s Birthday, National Memorial Day, Confederate Memorial Day, and Huey P. Long Day shall be observed only in such manner as the governor may proclaim, considering the pressure of the state’s business, provided, however, that not more than two such legal holidays shall be proclaimed in any one year.
E. Each clerk of a district court shall close his office on the following days: New Year’s Day, January 1; Washington’s Birthday, the third Monday in February; Good Friday; Memorial Day, the last Monday in May; Fourth of July; Labor Day, the first Monday in September; All Saints’ Day, November 1; Veterans’ Day, November 11; Thanksgiving Day, the fourth Thursday of November; and Christmas Day. Whenever New Year’s Day, Fourth of July, or Christmas Day falls on a Saturday, the preceding Friday shall be a holiday. Whenever New Year’s Day, Fourth of July, or Christmas Day falls on a Sunday, the following Monday shall be a holiday. Only these enumerated holidays and all Saturdays and Sundays, shall be considered as legal holidays for the purposes of Article 5059 of the Louisiana Code of Civil Procedure.”
With the guidelines of the above quoted articles and statute in mind, we now examine the dates involved in computing the delay for plaintiff’s motion for new trial.
The judgment was signed and mailed January 13, 1981. Plaintiff then had seven days, from Wednesday, January 14, excluding weekends and holidays to file a motion for new trial. January 17 and 18, the intervening weekend, are not to be counted. Thus the 7 days delay expired Thursday, January 22. The motion for new trial was not filed until January 23. This we know from the clerk’s docket sheet and judicial record. The actual motion has been lost.
Counsel for plaintiff-appellee argues that the motion was timely filed because Martin Luther King, Jr.’s birthday, January 15, and Robert E. Lee Day, January 19, are also to be excluded from the 7 day time period. In effect, this result could be reached by reading subsections B(2) and (E) of the statute in the conjunctive and excluding any legal holiday specified in either of the above-mentioned subsections of La.R.S. 1:55. It is contended by appellee that subsection (B) holidays are to be considered in computation of time under C.C.P. Art. 1974, relying on Brown on Behalf of State v. Bernard, 374 So.2d 127 (La.App. 1st Cir.1979).
Primarily we do not consider Brown controlling because that case does not consider subsection (E). The Brown case must also be distinguished on a factual ground. In Brown, the two holidays listed in subsection (B)(2), which movant for a new trial had excluded from his computation of the 7 day delay, had in fact been declared holidays by the governor in that year. There is no showing that Martin Luther King, Jr.’s birthday nor Robert E. Lee Day was declared a state holiday in 1981, and it is not contended that the clerk’s office was closed.
In any event, in our view, the wording of La.R.S. 1:55(E) is clear: only the days listed in subsection (E) are to be counted as holidays for purposes of Code of Civil Procedure Art. 5059, and thus for computing the delays for a motion for new trial under C.C.P. Art. 1974.
While it is evident at first glance that La.R.S. 1:55 is written in a particularly tortuous and difficult manner, attorneys are held to a knowledge of its contents.
*424 Since plaintiff-appellee’s motion for a new trial was filed untimely, and the time for appeal is past, he is effectively without recourse unless some other procedural vehicle can be found to remedy the situation.
In his reply brief appellee urges in the alternative that we treat the motion for new trial as an action for nullity under Louisiana Code of Civil Procedure Article 2004. This action has a prescriptive period of one year from the date of the judgment complained of. Thus such an action, instituted on January 23,1981,10 days after the signing of the first judgment, would be timely. As grounds for the action, counsel for appellee alleges that in a discussion with the judge shortly after the signing of the original judgment, it became clear to both that the judge had confused the facts of another case with the instant one, in arriving at his verdict. The trial judge has confirmed these facts in a per curiam to this court. We have carefully considered appellee’s argument. However, there exist procedural bars to treating a motion for new trial as an action for nullity. The former may be accomplished by summary process, the latter must be by ordinary process: petition and citation. In any event, the pleading is simply a motion for new trial and was treated as such. We do not pass upon the proposition that these facts may support a proceeding in nullity of judgment.
We are not insensitive to plaintiff-appel-lee’s dilemma. We are constrained by the law to the result which we have reached. The situation is further exacerbated by the fact that the trial judge himself acknowledged his error and suggested that counsel for plaintiff move for a new trial. It could be argued that plaintiff’s attorney was lulled into a false sense of security by the trial judge’s representations. Nonetheless, according to appellee’s attorney, he and the judge conferred on this matter on January 20, 1981. The attorney still had until the end of the day on January 22 to file the motion for new trial timely, but this was not done.
We hold that plaintiff-appellee did not timely ask for a new trial within the delay granted in C.C.P. Art. 1974. We know of no authority which permits the trial judge to set aside the judgment and grant a new trial after the delay for applying has expired. Admittedly, this causes us to reach a harsh result, but to hold otherwise would effectively remove the basis of the delay for applying for a suspensive appeal, C.C.P. Art. 2123, and undermine the definitiveness of final judgments, C.C.P. Art. 1842. The trial judge lacked authority to set aside the judgment of January 13, 1981 and that judgment became definitive. Thereafter the court lacked jurisdiction to hold a new trial and render a new judgment on December 1, 1981.
For these reasons we annul the judgment of December 1, 1981 rendered in favor of plaintiff-appellee and reinstate the judgment of January 13, 1981 in favor of defendant-appellant, dismissing plaintiff’s suit at his costs.
JUDGMENT APPEALED FROM IS ANNULLED AND PRIOR JUDGMENT REINSTATED.