MOTION TO DISMISS
GUIDRY, Judge.
This court ex proprio motu issued an order for the appellants, Michael Kevin West and Connie West, to show cause why their appeal should not be dismissed inasmuch as it appeared from the record that their appeal was untimely under LSA C.C.P. Art. 2087.
The formal judgment in this case was signed on June 2, 1983, and, on the same day, a copy of the judgment was sent to all counsel of record. The Wests did not file a motion for a new trial. The Wests obtain *1172 ed an order granting them a devolutive appeal on August 15, 1983.
The Wests contend that their appeal was timely filed. They argue that the applicable delay of LSA C.C.P. Art. 1974 began on June 6, 1983, (Monday) since the judgment was signed on June 2, 1983, and June 3, 1983 (Friday), June 4, 1983, (Saturday) and June 5, 1983 (Sunday) were holidays. The Wests state that June 3, Confederate Memorial Day, is a holiday enumerated in LSA R.S. 1:55.
Louisiana Civil Code of Procedure Article 2087 provides, in pertinent part:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
Louisiana Code of Civil Procedure Article 1974 provides:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The Second Circuit stated in Consolidated Marketing, Inc. v. Busi, 256 So.2d 695 (La.App. 2nd Cir.1972):
“Holidays, as contemplated by LSA C.C.P. Art. 1974, anticipate and include holidays designated or provided for by LSA R.S. 1:55 or by other appropriate state law.”
Further, the First Circuit adopted the view as their own in Brown on Behalf of State v. Bernard, 374 So.2d 127 (La.App. 1st Cir.1979).
Included among the provisions of LSA R.S. 1:55 is:
“(A) The following shall be days of public rest and legal holidays and half-holidays:
(1) The following shall be days of public rest and legal holidays; ... June 3, Confederate Memorial Day ...”
Accordingly, we find that June 3, Confederate Memorial Day, is a legal holiday within the contemplation of LSA C.C.P. Art. 1974 and must be excluded in determining the delay for a new trial. The chronology of this suit therefore reveals:
Original judgment signed June 2,1983
Delays for a New Trial June 6, 1983
commenced The delays for perfecting a devolutive appeal June 15,1983
commenced Last day to appeal devolutively August 13, 1983 (Saturday)
Order granting a devolutive appeal August 15,1983
Louisiana Code of Civil Procedure Article 5059 provides in pertinent part:
“... A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
* * * * * *
(2) It would otherwise be the last day of the period; or”
Saturday and Sundays shall be considered as legal holidays for the purposes of LSÁ C.C.P. Art. 5059. LSA R.S. 1:55(E). Since the last day of the period within which a devolutive appeal could have been perfected fell on a legal holiday, namely, Saturday, August 13, 1983, the delay for perfecting the devolutive appeal ran until the end of the next day which was not a legal holiday, namely, Monday, August 15, 1983. Therefore, we find that the West’s appeal is timely.
For the above reasons, the order previously issued is recalled, and the appeal is maintained.
APPEAL MAINTAINED.