STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-598

JOHN CALLIS

VERSUS

GREATER ALEXANDRIA
ECONOMIC DEVELOPMENT
AUTHORITY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 279,724
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

WILBUR L. STILES
JUDGE

**********

Court composed of Elizabeth A. Pickett, Wilbur L. Stiles, and Clayton Davis, Judges.

REVERSED AND RENDERED.

**Jonathan D. Stokes**
**Jacob R. Joffrion**
**Chadwick, Odom, & Stokes**
**Post Office Box 12114**
**Alexandria, LA 71303**
**(318) 445-9899**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **John Callis**


**Allison A. Jones**
**Marcus D. Sandifer**
**Downer, Jones, Marino & Wilhite**
**401 Market Street, Suite 1250**
**Shreveport, LA 71101**
**(318) 213-4444**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Angela Varnado**


**Barbara B. Melton**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANT:**
    **Greater Alexandria Economic Development Authority**

**STILES, Judge.**

The trial court issued a declaratory judgment finding that the Greater Alexandria Economic Development Authority conducted its Monday, February 19, 2024 meeting in violation of the Open Meetings Law and that actions taken at that meeting were void and without effect. Defendant Angela Varnado, whose employment contract was approved at that meeting, appeals. For the following reasons, we reverse and render.

## FACTS AND PROCEDURAL HISTORY

Plaintiff John Callis filed the petition for declaratory judgment in stating this matter, asserting that, in noticing its February 19, 2024 Board Meeting, GAEDA failed to abide by the twenty-four hour notice requirement of La.R.S. 42:19. Although GAEDA issued notice of the meeting on Friday, February 16, 2024, La.R.S. 42:19(A)(1)(b)(i) provides that the twenty-four hour period of the notice requirement is "exclusive of Saturdays, Sundays, and legal holidays[.]" As pertinent to this matter, February 19, 2024 was Washington's Birthday, a date designated a legal holiday by La.R.S. 1:55(A). Plaintiff thus argued that the date must be excluded from calculating the notice period of La.R.S. 42:19, and the earliest GAEDA could have conducted its meeting was Tuesday, February 20, 2024.

Plaintiff sought a declaration that GAEDA issued the notice and conducted the Board Meeting in violation of the Open Meetings Law, that all actions taken at the Board Meeting involving the appointment of Ms. Varnado as Executive Director and the approval of the Executive Director Agreement were void and without effect, and that Ms. Varnado had no rights in the Agreement due to its nullity. Plaintiff named GAEDA and Ms. Varnado as defendants. Plaintiff otherwise broadly sought "any other relief" to which he was "entitled under the law."

GAEDA and Ms. Varnado responded with the filing of an exception of no cause of action whereby they asserted that there was no violation of the twenty-four hour notice requirement. Referencing La.R.S. 1:55(B), Defendants pointed out that Washington's Birthday was not proclaimed as a day of rest by the governor and was thus not an "observed" holiday in 2024. Neither did the City of Alexandria recognize Washington's Birthday as a legal holiday. Defendants thus maintained that Washington's Birthday could not constitute a legal holiday as contemplated by the Open Meetings Law.

Plaintiff argued in opposition to the exception that February 19, 2024, Washington's Birthday, must be considered in computing the twenty-four hour period of La.R.S. 42:19. He explained that the public policy underlying the Open Meetings Law ensures that citizens be advised and made aware of the deliberations and decisions of their public officials. *See* La.R.S. 42:12. He noted that the Open Meetings Law is to be construed liberally. *Id.*

At the hearing on the exception of no cause of action, the parties stipulated to the pertinent facts, including the timing of the notice, the fact that the Meeting was conducted, that February 19, 2024 was the third Monday in February and was thus designated as Washington's Birthday, and that the governor did not issue a proclamation regarding the holiday in 2024. The parties also stipulated that, during the February 19th meeting, the Board approved a compensation package and contract for Ms. Varnado as permanent Executive Director of GAEDA as set forth in the Executive Director Agreement.

The trial court denied the exception, ruling from the bench that:

Washington's Birthday, the - - excuse me, Revised Statute, La.R.S. 1:55(A) lists the legal holidays, and in that statute, Washington's Birthday is listed as a holiday. So the Court finds that

Washington's Birthday is a legal holiday, and that the Meeting violated the Open Meetings Law, because the minimum period for notice of the meeting, twenty-four hours (24 hrs), exclusive of Saturdays, Sundays and legal holidays, was not met.

The Subsection B of La.R.S. 1:55 states "legal holidays shall be observed by the departments of state." That statute does reference "departments of state." Different departments of the state, for instance Department of Motor Vehicles, Department of Wildlife and Fisheries, Department of Public Safety and Corrections, those are different departments of the State. And GAEDA does not fall within the Department of the State. So therefore, Subsection B of La.R.S. 1:55 is not applicable.

The trial court issued judgment, declaring that GAEDA conducted the February 19, 2024 meeting in violation of the Open Meeting Law; that all the actions taken that evening, including the approval of the Executive Director Agreement, are void and without effect; and that the Executive Director Agreement is void and without effect.

Ms. Varnado appeals, arguing that:

A.   The District Court erred in denying Appellant's peremptory exception of no cause of action because twenty-four (24) working hours had elapsed between giving notice of the February 19, 2024, meeting and the meeting itself.

B.   The District Court legally erred in its interpretation of the Open Meetings Law and the Legal Holidays Statute in finding that Washington's Birthday was [a] legal holiday for purposes of notice calculation under the Open Meetings Law.

**DISCUSSION**

*Justiciable Controversy*

Following briefing, Ms. Varnado informed this court that GAEDA met on February 18, 2025 and "passed a Motion to ratify and confirm the Employment Contract issued to Ms. Angela Varnado[.]" Ms. Varnado suggests that this action may

3

have rendered her appeal moot. Plaintiff challenges Ms. Varnado's position on both substantive and procedural grounds.

We thus consider the threshold matter of whether this case continues to present a justiciable controversy or whether GAEDA's February 18, 2025 action renders this case moot. *Cat's Meow, Inc. v. City of New Orleans through Dep't of Fin.*, 98-601 (La. 10/20/98), 720 So.2d 1186. "[A]n issue is 'moot' when a judgment or decree on that issue has been 'deprived of practical significance' or 'made abstract or purely academic[.]'" *Id.* at 1193 (quoting *Perschall v. State*, 96-322, p. 18 (La. 7/1/97), 697 So.2d 240, 253).

Notably, courts of appeal render judgment "upon the record on appeal" and thus do not consider evidence that is not in the appellate record. La.Code Civ.P. art. 2164; *Marco Outdoor Advert., Inc. v. Dep't of Transp. & Dev.*, 21-123 (La.App. 1 Cir. 7/13/21), 329 So.3d 288, *writ denied*, 21-1195 (La. 11/10/21), 326 So.3d 1247. As Plaintiff points out, Ms. Varnado presents this court with only draft minutes of the February 18, 2025 GAEDA meeting, not a legal matter of which the court must take or may take judicial notice. *See* La.Code Evid. art. 202.[1]

---

[1] Louisiana Code of Evidence Article 202 provides for "Judicial notice of legal matters," in part, as follows:

> **A.** **Mandatory.** A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, or other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court's territorial jurisdiction whenever certified copies of the ordinance have been filed with the clerk of that court.

> **B.** **Other legal matters.** (1) A court shall take judicial notice of the following if a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without request of a party of:

> (a) Proclamations of the President of the United States and the governor of this state.
> (b) Rules of boards, commissions, and agencies of this state that have been duly published and promulgated in the Louisiana Register.

The supreme court explained in *Cat's Meow*, 720 So.3d 1186, that mootness may result if a change corrects or cures the condition at issue or fully satisfies the claim. GAEDA's February 18, 2025 purported confirmation of Ms. Varnado's Employment Agreement does not, however, fully satisfy Plaintiff's claim. Namely, the judgment on appeal extends well beyond the Executive Director Agreement and broadly declares that GAEDA conducted its February 19, 2024 meeting in violation of the Open Meetings Law, that "all actions purportedly taken" by GAEDA at its "Monday, February 19, 2024, meeting, including the approval of the February 20, 2024, Executive Director Agreement . . . are void and without effect;" and that the "Executive Director Agreement . . . is void and without effect." GAEDA's purported ratification and confirmation of the Executive Director Agreement therefore does not correct or cure Ms. Varnado's larger challenge to the trial court's ruling.

Finally, we note that Ms. Varnado does not provide the information of GAEDA's subsequent action alongside a Motion to Dismiss or Remand as anticipated by Uniform Rules—Courts of Appeal, Rule 2-8.

---

(c)     Ordinances enacted by any political subdivision of the State of Louisiana.

(d)     Rules which govern the practice and procedure in a court of the United States or of any state, territory, or other jurisdiction of the United States or of any state, territory, or other jurisdiction of the United States, and which have been published in a form which makes them readily accessible.

(e)     Rules and decisions of boards, commissions, and agencies of the United States or of any state, territory, or other jurisdiction of the United States which have been duly published and promulgated and which have the effect of law within their respective jurisdictions.

(f)     Law of foreign countries, international law, and maritime law.

(2) A party who requests that judicial notice be taken and the court, if notice is taken without request shall give reasonable notice during trial to all other parties.

*Standard of Review*

As the issue before the court involves the application and interpretation of the Open Meetings Law and La.R.S. 1:55, this appeal presents a purely legal question. Such questions of law are subject to the de novo standard of review and not subject to the manifest error standard. *Johnson v. Allstate Prop. & Cas. Ins. Co.*, 21-552 (La.App. 3 Cir. 4/27/22), 338 So.3d 109.

We turn to consideration of Ms. Varnado's assignments of error.

*Open Meetings Law – Legal Holidays*

As she did at the trial court, Ms. Varnado questions whether Washington's Birthday could be construed as a legal holiday for the purposes of time calculation under the Open Meetings Law. Although February 19, 2024 was the third Monday of the month, Ms. Varnado notes that the holiday was not observed by the City of Alexandria or the State of Louisiana. She maintains that, instead, all city services and government offices were open for business.

In pertinent part, La.R.S. 42:19 provides:

> A. (1)(a) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings.
>
> (b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours, exclusive of *Saturdays, Sundays, and legal holidays*, before the meeting.

(Emphasis added.) The parties question the interplay, if any, between La.R.S. 42:19(A)(1)(b)(i)'s reference to "legal holidays" and La.R.S. 1:55. Titled "Days of

public rest, legal holidays, and half-holidays," La.R.S. 1:55 provides, in pertinent part:

> A.  The following shall be days of public rest and legal holidays and half-holidays:
>
> (1)  The following days shall be days of public rest and legal holidays: Sunday; January 1, New Year's Day; January 8, Battle of New Orleans; the third Monday in January, Dr. Martin Luther King, Jr.'s Birthday; the third Monday in February, Washington's Birthday and Presidents' Day; the days of Mardi Gras, Good Friday; the last Monday in May, National Memorial Day; July 4, Independence Day; August 30, Huey P. Long Day; the first Monday in September, Labor Day; the second Monday in October, Christopher Columbus Day; November 1, All Saints' Day; November 11, Veterans' Day; the fourth Thursday in November, Thanksgiving Day; December 25, Christmas Day . . . .
>
> . . . .
>
> B.  Legal holidays shall be observed by the departments of the state as follows:
>
> (1)(a) Insofar as may be practicable in the administration of the government, no employee shall work on New Year's Day, Dr. Martin Luther King, Jr.'s Birthday which shall be observed on the third Monday of January of each year or in conjunction with the day of the federal observance, Mardi Gras Day, Good Friday, Independence Day, Labor Day, Veterans' Day, Thanksgiving Day, Christmas Day, Inauguration Day once in every four years in the city of Baton Rouge, or the first Tuesday after the first Monday in November in even-numbered years.
>
> (b)  In addition, in the city court of Sulphur, the second Monday in October, Christopher Columbus Day shall be a legal holiday.
>
> (2)  Washington's Birthday, Presidents' Day, National Memorial Day, and Huey P. Long Day shall be observed only in such manner as the governor may proclaim, considering the pressure of the state's business.
>
> (3)  The governor, by executive proclamation, may authorize the observance of such other holidays and half-holidays as he may deem in keeping with efficient administration . . . .

Ms. Varnado points out that, although La.R.S. 42:19 excludes legal holidays from the calculation of the notice period, the statute does not reference La.R.S. 1:55

7

as relied upon by Plaintiff in support of his position that Washington's Birthday must be excluded. She further explains that La.R.S. 42:19 did not reference "Saturdays, Sundays, or legal holidays" until the provision was amended in 2014. *See* 2014 La. Acts No. 628. She suggests that the statute's legislative history indicates that the statute was amended in 2014 to include "major holidays[.]"[2] She contends that it is "self-evident" that a "major holiday" cannot be a day in which all state level offices are open for business and again points out that the State and the City of Alexandria were open for business on February 19. Ms. Varnado reasons that both the plain language and legislative intent of La.R.S. 42:19 indicate that only those holidays that are observed are to be excluded from the twenty-four hour notice requirement.

Ms. Varnado further contends that the trial court's inclusion of "unobserved" legal holidays renders an absurd result as the holidays would be used only for purposes of calculating notice periods while serving no other purpose. She references La.R.S. 1:55(A)'s laundry list of designated holidays and suggests that "vigilance" would have to be paid toward those listed but for which government offices are open for business.

Ms. Varnado also maintains that the trial court's ruling subverts the purpose of the Open Meetings Law which, along with La.Const. art. 12, § 3, ensures that citizens have the right to participate in the deliberations of public bodies. She argues

---

[2] In support of this position, Ms. Varnado cites to the Resume Digest for HB 614 (2014). It should be noted for completeness however, that the Resume Digest only includes reference to "major holidays observed by the state" within the context of La.R.S. 1:55. The Resume Digest reports that the proposed law would specify "Saturdays, Sundays, and legal holidays," as follows:

> Existing law … "Legal holidays" is defined in existing law (R.S. 1:55) to include Saturdays, Sundays, all major holidays observed by the state, additional days depending on event or locale, and days of declared emergencies.

> New law specifies that Saturdays, Sundays, and legal holidays are not part of the 24-hour minimum time periods in the Open Meetings Law.

that the notice issued in this case served that purpose as it was posted on a Friday afternoon and the meeting was held on the following Monday afternoon, more than twenty-four hours after the notice. Yet, Ms. Varnado contends, the trial court "endorsed" a technical violation based on an unobserved holiday.

Plaintiff similarly suggests that the rules of statutory interpretation are in his favor, pointing out that La.R.S. 42:19 does not specifically require that legal holidays be "observed" as suggested by Ms. Varnado. He contends instead that all "legal holidays," as listed in La.R.S. 1:55(A)(1), are to be excluded from the notice period, including "Washington's Birthday and Presidents' Day" and that the provision indicates that the day "shall" be a legal holiday. He notes that the Paragraph does not contain a corresponding inquiry as to whether the governor declares a holiday. Plaintiff recognizes that La.R.S. 1:55(B) indicates that "Washington's Birthday, Presidents' Day," and others shall be observed upon the proclamation of the governor, but he contends that the Paragraph applies only to "departments of the state." He contends that requiring "observance of the holiday as a pre-requisite would be impractical and contrary to law, would constitute a statutory interpretation leading to an absurd result, and would essentially nullify La.R.S. 1:55(A)."

Following review, we find no merit in Ms. Varnado's position that the Open Meetings Law, specifically La.R.S. 42:12, must be construed without reference to La.R.S. 1:55. Rather, "legal holiday" must be defined equally across the statutes, regardless of usage, as interpretation on a case by case basis would render the term vague and unworkable.

Certainly, the legislature has designated legal holidays, issuing the lengthy and varied dates listed in La.R.S. 1:55(A). And, every year, the State, through the Office of the Governor, designates the legal holidays that will be observed. *See*

9

La.R.S. 1:55(B). Legal holidays and observed holidays may not therefore align from year to year.

As pertinent here, La.R.S. 1:55(A) clearly identifies Washington's Birthday as a legal holiday, a point with which the parties agree. Moreover, the State has not observed the legal holiday of Washington's Birthday, along with a number of designated dates, in keeping with La.R.S. 1:55(B)(2)'s statement that "Washington's Birthday, Presidents' Day . . . shall be observed only in such manner as the governor may proclaim, considering the pressure of the state's business." Further, La.R.S. 1:55(B)(3) provides that "[t]he governor, by executive proclamation, may authorize the observance of such other holidays and half-holidays as he may deem in keeping with efficient administration."

Reading La.R.S. 1:55's provisions in pari materia, it is clear that legal holidays are one of two categories: 1) those that are mandatory for the governor to honor; or 2) those that the governor chooses to honor. While it is regrettable that we no longer routinely honor this nation's greatest general, Founding Father, and president, observation of Washington's Birthday is the prerogative of the governor. In this case, which involves Washington's Birthday 2024, the governor did not proclaim it, and it was not observed.

The courts have referenced the poor draftsmanship of La.R.S. 1:55. *See, e.g., Smith v. Parish of E. Baton Rouge Par.*, 509 So.2d 24, 27 (La.App. 1 Cir.) (addressing La.R.S. 1:55's lengthy legislative history and acknowledging that "La.R.S. 1:55(A) through (D) is a very complex statute"), *writ granted on other grounds*, 520 So.2d 1 (La.1987); *Magee v. Jefferson Rental*, 434 So.2d 421, 423 (La.App. 5 Cir. 1983) (noting that "it is evident at first glance that La.R.S. 1:55 is written in a particularly tortuous and difficult manner[.]").

10

Reference to La.R.S. 1:55 in its entirety as well as its legislative history confirms not only poor draftsmanship but also reflects a statute amended regularly to meet changing constitutional needs as well as evolving trends. For instance, La.R.S. 1:55(A)(1)(a) designates days that "*shall* be days of public rest and legal holidays" but modifies that mandate by offering a plethora of local options. Further, La.R.S. 1:55(B)(2) gives the governor the authority to determine whether some of those mandatory holidays—"Washington's Birthday, Presidents' Day, and Huey P. Long Day"—will be observed. Jurisprudence bears out the authority of the governor to proclaim and declare the legal holidays that will be observed. *See, e.g., Smith*, 509 So.2d 24 (recognizing that despite changes in constitutional provisions, the governor retains the power to declare legal holidays for the legislative, executive, and judicial branches of government via La.R.S. 1:55); *Magee*, 434 So.2d 421 (finding that Martin Luther King, Jr.'s Birthday and Robert E. Lee Day were not to be included in computing the time delays for filing a motion for new trial as the governor had not declared those dates state holidays); *Brown on Behalf of State v. Bernard*, 374 So.2d 127, 128 (La.App. 1 Cir. 1979) (setting forth La.R.S. 1:55(B)(3) in concluding that "December 26, 1978, and January 2, 1979, which were proclaimed holidays by the governor, are legal holidays within the contemplation of LSA-C.C.P. art. 1974 and must be excluded in determining the delay for applying for a new trial.").

Notwithstanding the challenging wording of La.R.S. 1:55, we are mindful that the statute must be interpreted in a manner that gives it internal consistency and does not render any part superfluous or meaningless if at all possible. *See McLane S., Inc. v. Bridges*, 11-1141 (La. 1/24/12), 84 So.3d 479; *Sabine Par. Police Jury v. Comm'r*

11

*of Alcohol & Tobacco Control*, 04-1833 (La. 4/12/05), 898 So.2d 1244. The supreme

court has explained that:

> [A] statute should be construed in such way as to reconcile, if possible, apparent inconsistencies so that each part is given effect. Since the meaning is to be determined from a general consideration of the act as a whole, all parts, provisions, or sections must be read together; each must be considered with respect to, or in light of, all the other provisions, and construed in harmony with the whole. The intent as deduced from the whole will prevail over that of a particular part considered separately. Meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another; so, in determining the meaning of a word, phrase, or clause, the entire statute is to be considered.

*Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, 19-749, pp. 8-9 (La. 1/29/20), 347 So.3d 572,

578 (citations omitted).

Louisiana Revised Statutes 42:19(A)(1)(b)(i) requires that written public

notice of a public meeting be given "no later than twenty-fours, exclusive of

Saturdays, Sundays, and legal holidays, before the meeting[.]" The specific temporal

component of the notice requirement reflects the law and our system of sensibilities

surrounding due process which favors notice and an opportunity to be heard. *See*

La.Const. art. 12, § 3 ("No person shall be denied the right to observe the

deliberations of public bodies and examine public documents, except in cases

established by law."). With regard to the Open Meetings Law, the legislature

explained that:

> A.    It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of this Chapter shall be construed liberally.

La.R.S. 42:12.

As pertinent here, a distinction between a date merely recognized as a legal holiday and one that is observed is readily apparent as, like Saturday and Sunday, the public cannot be heard on the latter. Therefore, construing La.R.S. 42:19(A)(1)(b)(i) to exclude Saturdays, Sundays, and *observed* legal holidays from the twenty-four hour notice period offers a consistency of approach to the exclusionary phrase as a whole. It also promotes the due process and public policy considerations of La.Const. art. 12, § 3 and La.R.S. 42:12.

In light of the circumstances of this case, we conclude that there was no prejudice to the notice owed the public or to the public's right to be heard. Affording a hyper-technical reading of this convoluted statute as suggested by Plaintiff would result in the exclusion of a day on which the business of the government was conducted. This would defy both purpose and common sense and result in the non sequitur of a legal holiday on which the public entity was open for business being afforded equal status as a Saturday and Sunday. We refer instead to the principles of statutory interpretation and consider the meaning of "legal holiday" within the entirety of the statute and its public purpose as enunciated in La.R.S. 42:12(A).

When considered as a whole, La.R.S. 1:55(A) sets forth the legal holidays of the State as cultural markers for the people of Louisiana. The statute further provides for the governor to decide on the observance of lesser holidays. La.R.S. 1:55(B). It is the observation of those holidays that makes those dates important for the interpretation of "legal holidays" within the context of La.R.S. 42:19 and its notice provision. As Washington's Birthday was not observed in 2024, there was no reason for Plaintiff or any citizen of the state to believe that GAEDA would not be open for business on Monday. Accordingly, GAEDA issued its notice no later than twenty-

13

four hours before its Monday, February 19, 2024 meeting, satisfying the principles of due process and the right to be heard as anticipated by the Open Meetings Law.

Finally, we note that Plaintiff cites numerous cases for the proposition that the "observance" of a legal holiday, including the closure or non-closure of governmental offices, does not bear on the issue of whether a date is a legal holiday. *See, e.g., Hebert v. Spano*, 233 La. 813, 98 So.2d 199 (1957); *Labit v. Palms Casino & Truck Stop, Inc.*, 08-1187 (La.App. 4 Cir. 1/28/09), 4 So.3d 911; *Wright v. St. Landry Pub. Hous. Corp.*, 06-1241 (La.App. 3 Cir. 2/7/07), 949 So.2d 659; *Louis v. Sec. Ins. Co. of Hartford*, 356 So.2d 1019 (La.App. 1 Cir. 1977). Yet, the cited cases relate to date calculation for filing purposes, now specifically governed by La.R.S. 1:55(E) with reference to La.Code Civ.P. art. 5059. Neither provision relates to the intersection of La.R.S. 1:55(A) or (B) with the Open Meetings Law. Accordingly, the reasoning of that jurisprudence is not persuasive in this case.

Accordingly, we find that the trial court erred in its declaration that GAEDA conducted its Monday, February 19, 2024, meeting in violation of the Open Meetings Law. By decree below, we reverse that judgment as well as the trial court's corresponding denial of Ms. Varnado's peremptory exception of no cause of action filed below. We enter judgment in favor of Ms. Varnado, dismissing Plaintiff's claim against her.

**DECREE**

For the foregoing reasons, the trial court's July 11, 2024 declaratory judgment issued in favor of Plaintiff/Appellee John Callis is reversed. The trial court's denial of Defendant/Appellant Angela Varnado's Peremptory Exception of No Cause of Action is also reversed.

14

Judgment is rendered in favor of Ms. Varnado, declaring that the Greater Alexandria Economic Development Authority conducted its Monday, February 19, 2024, meeting in compliance with the notice requirements of La.R.S. 42:19(1)(b)(ii). Plaintiff/Appellee's Petition for Summary Proceeding for Declaratory Judgment and Judgment Rendering Action Void as Prescribed By La.R.S. 42:24 is dismissed.

Costs of this proceeding are assessed to Plaintiff/Appellee John Callis.

**REVERSED AND RENDERED.**